71 N.J. Super. 77 (1961)
176 A.2d 307
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT CHANCE, DEFENDANT.
Superior Court of New Jersey, Essex County Court.
Argued December 1, 1961.
Decided December 4, 1961.
*78 Mr. Charles C. Carella, Assistant Prosecutor, argued the cause for plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
Mr. John S. Bender argued the cause for defendant (Messrs. Marley, Winkelried & Hillis, attorneys).
CRANE, J.C.C.
This is an application to suppress the introduction into evidence of four marijuana cigarettes obtained by police officers from the defendant upon the allegation that the cigarettes were obtained unlawfully, in violation of the defendant's constitutional rights under the Fourth and Fifth Amendments of the United States Constitution.
When apprehended, the defendant was in a restaurant in Newark. He testified that a detective and two police officers walked into the restaurant, went directly to him and directed him to stand up against the wall. He testified that the police officers searched his person and found a cigarette pack in his shirt pocket containing marijuana cigarettes.
Detective Rebar of the Newark Police force testified that about 12:50 A.M. on the day in question he received an anonymous telephone call informing him that there was a colored man wearing a green shirt at the restaurant attempting to sell marijuana cigarettes. The detective further testified that he immediately drove to the restaurant premises in a police car and that he called for the assistance of a patrol car. On arrival at the restaurant premises, the police officer testified that he observed the defendant in the restaurant, noted that he fitted the description as a colored man wearing a green shirt, that immediately upon arrival *79 of two officers in a patrol car, he entered the premises and asked the defendant to step outside. While coming through the restaurant door, the officer said he noticed the defendant put his hand into his left hand shirt pocket and put it down to his side. The detective testified that he reached for the defendant's hand and said, "What do you have in your hand?," whereupon he noticed a cigarette package in the defendant's hand. The officer said he took the package from the defendant, opened it and found it contained a tinfoil fold, inside of which were found thin handrolled cigarettes appearing to be marijuana and which later were found to be marijuana by chemical analysis. The defendant was not placed under arrest until 1:45 A.M. at the Newark Police Headquarters.
It was agreed by both the State and the defense that the issues were whether the apprehension of the cigarettes was in fact the product of a search and seizure and, if so, whether the search was a reasonable one.
The defendant's version of the facts, of course, spells out a search and seizure, but the State's case also spells out a search and seizure. The cigarette package was so arranged that the marijuana cigarettes were not visible from the outside, and there is sufficient testimony in the record from which it can be inferred that the detective forced open the defendant's hand extricating the cigarette package. It is unnecessary to decide which version of the facts should be accepted, since both sets of facts lead the court to the conclusion that a search and seizure occurred.
In searching for guiding authority we are of course led principally to Federal cases. This is not to acknowledge their binding efficacy. However, of necessity, in the absence of decisions of the appellate courts of our own jurisdiction, well reasoned opinions of the Federal courts are persuasive.
It is to be noted first of all that not all searches and seizures without a warrant are prohibited by the Constitution. It is only those searches which are unreasonable *80 that are prohibited. Whether a search is reasonable depends in part upon whether the searching officers had probable cause to believe the accused possessed evidence of the commission of a crime. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In the instant case, the police officer had been informed by an anonymous source that a person fitting the description of the defendant was attempting to sell marijuana cigarettes in the very place where he was apprehended. In Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), the United States Supreme Court said that in dealing with probable cause, the standards of factual and practical considerations of every day life upon which reasonable and prudent men act were to be the basis for determining whether or not a probable cause existed, not the standards of legal technicians.
The defendant complains of the admission of the hearsay testimony of the detective as to the anonymous tip. In United States v. Roberts, 90 F. Supp. 718 (E.D. Tenn. N.D. 1950), the specific issue of hearsay was dealt with. The court received hearsay testimony on the issue of probable cause and held a search and seizure valid when based upon information supplied by an anonymous informer.
The Federal courts formerly held that the fruits of a search made without a warrant would be suppressed as evidence if it was practicable to obtain a search warrant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). The rule has however been modified and the test obtaining presently is one of reasonableness under all the circumstances. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).
In the instant case the police officer received the information upon which the search was based at 12:50 A.M. The apprehension of the defendant and the search took place at about 1:10 A.M., the officer having driven directly *81 from the police headquarters to the restaurant. Had the officer taken the time to prepare an affidavit and search warrant and sought out a magistrate or judge at that hour of the morning, it is quite likely that the defendant would have departed by the time the officer had arrived. Under these circumstances it cannot be said it was practicable to procure a search warrant. The officer had valid reason to act in haste, being faced with an emergent situation in the performance of his duty. See Morrison v. United States, 104 U.S. App. D.C. 352, 262 F.2d 449 (D.C. Cir. 1958); Accarino v. United States, 85 U.S. App. D.C. 395, 179 F.2d 456 (D.C. Cir. 1949).
Upon a consideration of all of the factors, it is concluded that it was a reasonable exercise of police power to search the defendant without a warrant.
The motion of the defendant will be denied.