72 N.J. Super. 55 (1962)
177 A.2d 773
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
PATSY M. MASI, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 30, 1962.
*56 Mr. Peter Murray, Assistant Prosecutor, for plaintiff (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
Mr. Michael A. Querques for defendant.
CRANE, J.C.C. (temporarily assigned).
This matter is before the court upon a motion by the defendant to suppress evidence seized by detectives of the Essex County Prosecutor's Office without a search warrant. Oral testimony taken upon the hearing of the motion disclosed events which may be described as a gambling raid, typical of those conducted in New Jersey before the decision of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
The defendant lived in the third-floor apartment of a three-family dwelling in Newark owned by his wife and her son. On the day of the raid the defendant was at home with his wife. One group of detectives rang the front doorbell while another group ascended an enclosed back stairway leading to an outside enclosed porch on the third floor.
When the front doorbell rang, defendant's wife started down the stairway to answer the door. Upon seeing the *57 detectives, however, she became suspicious and ran back up the stairs. The detectives broke down the front door and went up the stairs. While this was taking place, defendant ran out the back door to the enclosed platform where he was apprehended by the group of detectives who were ascending the rear stairs. When first seen coming out the door, the defendant had a number of slips of paper in his hands which he threw to the floor. Upon inspection, they proved to be lottery slips and evidence of other gambling activities. The defendant was placed under arrest and led back to his apartment. He then unlocked the front door, admitting his wife and the detectives who had ascended the front stairs. The group of detectives then made an extensive search of the apartment, finding large quantities of materials pertaining to bookmaking.
The State seeks to sustain the validity of the search upon the ground that it was incidental to a lawful arrest. See United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The State argues that the officers ascending the rear stairway saw Masi with lottery paraphernalia in his possession which gave them probable cause to arrest him, thus giving them the right, incidentally, to search the apartment he occupied without the necessity of obtaining a search warrant.
The situation is not unlike that occurring in McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), where three police officers had under surveillance a house in which the defendant, a known lottery operator, lived. One of the officers heard noises which he believed to be from adding machines used in numbers lottery operations. Another of the officers climbed in through a window into the landlady's room and admitted the others. On the second floor one of the officers, looking through a transom, observed numbers lottery operations in defendant's room. Subsequently, an arrest was made and the lottery materials in defendant's room were seized. The Supreme *58 Court held that the search was unreasonable without a warrant in the absence of compelling reasons amounting to an emergency. No emergency is presented in this case. Apparently the activities of the defendant were of a continuing nature, and no explanation is made for the failure to procure a search warrant other than the fact that the raid occurred prior to the decision in Mapp, supra.
It is contended further by the State that the defendant was not the owner of the premises and that consequently he has standing to object only to articles taken from those portions of the premises over which he exercised control, exclusive of others on the premises.
Mr. Justice Jackson disposed of this contention in McDonald v. United States, supra, in a concurring opinion by the following language (335 U.S., at p. 458, 69 S.Ct., at p. 194):
"But it seems to me that each tenant of a building, while he has no right to exclude from the common hallways those who enter lawfully, does have a personal and constitutionally protected interest in the integrity and security of the entire building against unlawful breaking and entry."
While this language, appearing in a concurring opinion, is not specifically binding upon this court, it is certainly persuasive. State v. Chance, 71 N.J. Super. 77 (Cty. Ct. 1961).
There is yet another reason, however, why the introduction of the evidence in this case should be suppressed. Masi's actions in running out the back door and throwing the lottery slips to the floor were forced by the actions of the raiding party. The items of evidence seized at the rear of the premises would undoubtedly not have been obtained had it not been for the unlawful search which was in progress. Evidence obtained in such a manner, as a direct consequence of the search, is subject to suppression under the Fourth Amendment. Hobson v. United States, 226 F.2d 890 (8 Cir. 1955); Work v. United *59 States, 100 U.S. App. D.C. 237, 243 F.2d 660 (D.C. Cir. 1957); cf. Polk v. United States, 291 F.2d 230 (9 Cir. 1961).
The prosecutor argues further that even if the search and seizure was unreasonable under Mapp v. Ohio, supra, the evidence should not be suppressed. The Mapp doctrine, he asserts, should be applied prospectively, as would be the manner of applying a legislative change in the law.
The matter of retrospective application of principles of law established by judicial decision was dealt with specifically in Fox v. Snow, 6 N.J. 12 (1950). In a per curiam opinion the court said, "A change of the established law by judicial decision is retrospective. It makes the law at the time of prior decisions as it is declared in the last decision, as to all transactions that can be reached by it. On the other hand a change in the settled law by statute is prospective only." State v. Smith, 32 N.J. 501 (1960), cited by the State, is not to the contrary. There the court affirmed a conviction and held that the proceedings as to the admissibility of a confession were not prejudicially erroneous. A majority of the court (four in number), however, stated in a concurring opinion that they preferred a different approach and set forth their views "for the future guidance of the trial bench." No such approach was applied in the Mapp case. The United States Supreme Court held that the evidence seized should be suppressed and the conviction was reversed. Their decision was retrospectively applied in that case. This court is bound to apply the rule of Mapp v. Ohio to every case in which the issue is properly raised. State v. Valentin, 36 N.J. 41 (1961). Here the attack upon the search and seizure was raised by a timely application upon motion prior to trial. The case must be decided upon the basis of the law as it presently exists, in spite of the fact that the law was otherwise at the time of the seizure. Fox v. Snow, supra.
An order to suppress the evidence obtained as a result of the search and seizure may be submitted.