Louis L. Friedman, J.
Defendant moves for summary judgment dismissing plaintiff’s complaint, and by cross motion, plaintiff lias moved for summary judgment striking out defendant’s answer.
The action is brought on a policy of insurance in the amount of $25,000, which provides benefits for injuries or death ‘ ‘ while boarding, riding in or alighting from, as a fare paying passenger, any land or water conveyance, while used solely for transportation and operated by a carrier licensed to transport passengers.”
The decedent, Beatrice L. Bock, was killed during the term of this policy, while descending a stairway of the subway station operated by the New York City Transit Authority at Nostrand and Lafayette Avenues in the Borough of Brooklyn. In his bill of particulars, the plaintiff administrator alleged that the death occurred as a result of an assault which occurred on that stairway at the entrance of the Nostrand-Bedford Station of the Independent Line, located on the north side of Lafayette Avenue at the east corner of Nostrand Avenue (par. 2, plaintiff’s bill of particulars). In his notice to amend his complaint, plaintiff stated that on June 26, 1959 the decedent, his wife, was traveling from Snyder Avenue in Brooklyn to her destination in Queens; that in order to do so she boarded a bus of the New York City Transit Authority and after paying her fare thereupon, rode to Lafayette and Nostrand Avenues, Brooklyn, New York, for the purpose of transferring from the bus to the subway for the continuation of her trip. While she was descending the stairway to the station platform prior to having paid her fare, she was assaulted by a stranger bent upon robbery, and in the course of this assault she met her death.
Two questions are now presented, and they are whether at the time of the occurrence, plaintiff was a fare-paying passenger; and whether she was at that time boarding, riding in, or alighting from a conveyance. If the answers to both of these questions are in the affirmative, then plaintiff is entitled to sue *945 ceed. If the answer to either one is in the negative, then this loss is not one which comes within the terms of the policy, and the complaint must be dismissed.
There is no essential dispute about the facts in this case. The terms of the policy are clear and unambiguous and if there was any ambiguity, the policy must be construed strictly against the defendant, because it drew it.
Although defendant disputes that fact, it may reasonably be inferred that plaintiff intended to become a passenger on a subway at that point. However, although this was her intention, she was not at that time a fare-paying passenger within the terms and meaning of the policy. This question has been decided by the Appellate Division in the First Department in De Renzis v. New York R. T. Corp. (256 App. Div. 367, 369). In that case, the plaintiff was descending a set of stairs from the street of the De Kalb Avenue Station in Brooklyn, and while doing so, fell to the mezzanine landing. The opinion points out: 1 ‘ It should be borne in mind that plaintiff was not a passenger at the time the accident occurred He was going down the stairway leading to the station apparently for the purpose of boarding a train. * * * Here the relationship of passenger and carrier did not exist.” (See, also, Serlin v. City of New York, 35 N. Y. S. 2d 313, revd. on other grounds 266 App. Div. 668).
As a prospective passenger, the Transit Authority undoubtedly owed the decedent the same duties which were owed to an actual passenger. But the question here involved falls within a different category, and that is whether, within the meaning and the terms of the policy sued upon, decedent was legally ‘£ a fare paying passenger.” Since she was not, under the authorities already cited, her estate is not entitled to recover under this policy.
Although this should dispose of the litigation, the second question involved is also considered. That is whether decedent was at the time of the occurrence, boarding a train. That question, too, must be answered in the negative. Even accepting the version of the plaintiff that decedent had alighted from a bus for the purpose of transferring to a subway train, she was not at the time of the occurrence in the act of £ ‘ boarding, riding in or alighting from,” any conveyance. The act of alighting from the bus had already been completed when she started to enter the subway station. There was obviously some distance for her to walk before she would even come to the point on the subway station platform where she would be in a position to actually board the train. At the time she started down the subway stairs, she had no way of knowing whether a train was waiting for her, *946 or whether she might have to wait an undetermined period of time before a train would come into that station, so that she could then board it. She was not in the act of “ boarding ” the train when this unfortunate mishap occurred.
It is not actually necessary that a person be opposite an open door of a train with one foot lifted, or into the entrance door of the train, in order to be considered as actually boarding that conveyance. If there was a train at the platform, and the entrance door to that train was some little distance away from where a person was standing so that it became necessary to walk along the platform in order to get into the train, that might be considered as a part of the act of boarding. But under such circumstances, there is a conveyance present upon which the boarding may take place, and the mere fact that one has to walk a short distance along a platform in order to actually get into the train, does not detract from the conclusion that every step along that way could be considered as an act of boarding. But where there is no conveyance available upon which the boarding may take place, it may not be considered as an act of boarding within the meaning of the policy, just because a passenger waits on a station platform or a bus stop, for the train or bus to come along so that the prospective passenger may then get into it.
Since decedent was neither a fare-paying passenger, nor boarding a conveyance at the time of the occurrence, defendant is not liable under this policy. Accordingly, the motion of the defendant for summary judgment is in all respects granted and the cross motion of the plaintiff for summary judgment is in all respects denied.