Froessel, J.
Defendant’s conviction of transgressing subdivision 3 of section 1751 of our Penal Law (possession of narcotics) was affirmed by the Appellate Division in October, 1954. Leave to appeal was first denied by a Judge of our court *156 on November 8, 1954; reargument of the motion for leave was thrice denied on December 7, 1955, January 11, 1956, and November 30, 1961. On defendant’s fourth application for reargument, leave was granted so that we might consider the applicability of Mapp v. Ohio (367 U. S. 643) to a case such as this, where the appellate process was exhausted before the new rule was announced.
In our opinion defendant, convicted in 1953 on evidence then admissible, may not secure reversal of his conviction because that same evidence might today be excluded under Mapp.
In People v. Loria (10 N Y 2d 368, 371) we held “ that the Mapp rule is to be applied in our review of pending appeals from pre-Mapp convictions”. Loria, however, reached our court, as Mapp reached the Supreme Court, in the normal course of the appellate process. Such is not the present case. At the time Mapp was decided, on June 19, 1961, the instant case, as distinguished from Loria, was not on its way up to or in the appellate courts. It had been finally laid to rest by denial of defendant’s first application for leave to appeal in 1954, timely taken within the 30 days prescribed by statute (Code Crim. Pro., § 521). By denial of that application, it was decided that the case presented no question of law for our review; the appeihiir process was as effectively terminated by that denial as it would have been had leave been granted and we had affirmed the conviction —as we would have had to do under the law then in effect.
The normal appellate process in this case thus came to an end in November, 1954. Defendant had no further right of appeal, and it may not be said that he had an appeal pending more than 6% years later, on June 19,1961, the day Mapp was decided. He thus does not come within the scope of our holding in Loria {supra). We do not think the line can be fairly drawn between (1) this defendant, who was denied leave, (2) a defendant who did not obtain leave because of his failure to apply therefor, and (3) one whose judgment of conviction was finally affirmed prior to Mapp. In none of these cases may it be said that an appeal was pending on June 19,1961.
The judgment should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Foster concur; Judge Van Voorhis concurs upon the ground *157 that no objection was taken upon constitutional grounds to the introduction of the allegedly illegally obtained evidence (see People v. Friola, 11 N Y 2d 157, decided herewith).
Judgment affirmed.