■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN SULLIVAN, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, made October 23, 1961, after a hearing, which dismissed the writ and remanded him to custody of respondent. Order affirmed. Defendant seeks to obtain his release from imprisonment under a judgment duly rendered in 1954 after trial. In support of his writ, the defendant invoked the rule in *Mapp* v. *Ohio* (367 U. S. 643), i.e., that evidence obtained by unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution is inadmissible in a State court criminal trial. His petition states facts purporting to establish that the evidence received upon the trial and upon which he was convicted had been so obtained. It appears upon the face of the petition, however, that defendant's conviction and its affirmance on appeal (*People* v. *Sullivan,* 1 A D 2d 767) both occurred *prior* to the decision in *Mapp* v. *Ohio* (*supra*); and that, prior to the writ issued in this proceeding, his time to appeal further had expired. Under such circumstances, defendant is not entitled to a reversal of his conviction by habeas corpus or otherwise, even assuming that the conviction rests upon evidence erroneously received (*People* v. *Muller,* 11 N Y 2d 154). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ EDWARD B. ROCK, Individually and as Administrator of the Estate of BEATRICE L. ROCK, Deceased, Appellant, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.— In a contract action to recover the face amount of an "All Common Carrier Passenger Accident" insurance policy issued by defendant to plaintiff's intestate, plaintiff appeals from an order of the Supreme Court, Kings County, dated September 6, 1961, which granted the defendant's motion for summary judgment dismissing the complaint and which denied his (plaintiff's) cross motion for summary judgment for the sum demanded in the complaint, pursuant to rule 113 of the Rules of Civil Practice. Order modified by striking out the first ordering paragraph granting defendant's motion for summary judgment, and by substituting therefor a paragraph denying such motion. As so modified, order affirmed, without costs. The record discloses the existence of issues of fact which may not be decided summarily on motion (*Cardinal Lbr. Co.* v. *Lincoln Park Bldrs. Supply,* 8 A D 2d 839). The plaintiff's affidavits (in support of his cross motion and in opposition to the defendant's motion) raise an issue of fact as to where decedent was when she was assaulted. Under such circumstances, the question whether the decedent, within the terms and meaning of the insurance policy, was a fare-paying passenger boarding a public conveyance at the time of the assault, should be determined upon a trial of the action. Under the summary judgment rule the test is whether or not a triable issue of fact exists, and such issue may be disclosed either by the pleadings or the affidavits (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Gent* v. *Midtown Holdings Corp.,* 10 A D 2d 901; *Hellmuth* v. *Brandin,* 3 A D 2d 997). Moreover, the affidavits need not necessarily be consistent with the allegations contained in the pleadings or bill of particulars (*Rizzi* v. *Sussman,* 9 A D 2d 961; *Levitz* v. *Robbins Music Corp.,* 6 A D 2d 1027). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [30 Misc 2d 943.]

■ BERNARD STOLNICK, Respondent, v. ROBERT A. HUT, Appellant, et al., Defendant.— In a negligence action to recover damages for injury to property, the defendant Hut appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated September 5, 1961, as denied his motion to dismiss the complaint for lack of prosecution. Order, insofar as appealed from, affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.