JOHN T. DIRRING, petitioner.

Suffolk.    May 7, 1962. — June 11, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Habeas Corpus.   Search and Seizure.   Constitutional Law,* Search and seizure.

A petition for a writ of habeas corpus by a prisoner indicted, tried and sentenced for a felony before the decision in *Mapp* v. *Ohio,* 367 U. S. 643, and claiming release from custody on the ground that with respect to illegally seized evidence there had been "violation of his Constitutional right to be secure from unreasonable searches and seizures" must be dismissed where it did not appear that any issue as to illegally seized evidence was raised before or at the trial of the indictment and no such issue was brought to this court by appropriate appellate procedure following that trial.

PETITION for a writ of habeas corpus filed in the Superior Court on July 11, 1961.

The case was heard by *Murray, J.*

*Walter Powers, Jr.* for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the respondent.

WILKINS, C.J.    The petitioner is in custody of the respondent superintendent of the Massachusetts Correctional Institution at Walpole in execution under criminal process. See G. L. (Ter. Ed.) c. 248, § 1.    In 1958 he was convicted in the Superior Court of felonies described in G. L. (Ter. Ed.) c. 266, § 49 (possession of burglarious implements), and in G. L. c. 269, § 10, as amended through St. 1957, c. 688, § 23 (unlawfully carrying firearms).    Also in 1958 he was committed to the custody of the respondent to serve, and is now serving, two concurrent sentences.    At the hearing upon this petition for a writ of habeas corpus, filed on July 11, 1961, he sought release in reliance upon *Mapp* v. *Ohio,* 367 U. S. 643 (decided on June 19, 1961), contending that

there had been "violation of his Constitutional right to be secure from unreasonable searches and seizures." The Attorney General filed a motion to dismiss. From a denial of the petition, the petitioner appealed, purportedly under G. L. (Ter. Ed.) c. 231, § 96.

The judge found that the petitioner testified as to the search of his automobile by police officers on September 6, 1958, and the finding of "an assortment of tools and a loaded pistol" in the trunk "substantially conformably to the allegations of the petition." He also found: "He did not know whether objection to the admissibility of the evidence of the search and seizure was made at the trial of the indictments. He was there represented by competent counsel. The petitioner did not satisfy me that he seasonably safeguarded his Constitutional rights against the alleged unlawful search and seizure."

The Attorney General argues that the findings of the judge are not before us on appeal under G. L. (Ter. Ed.) c. 231, § 96. He cites *Watts* v. *Watts,* 312 Mass. 442; *Matter of Loeb,* 315 Mass. 191, 193–194; and *Harrington* v. *Anderson,* 316 Mass. 187, 191–192. We do not consider this or any other procedural question, because we rest our judgment upon a ground which goes to the heart of the petitioner's case and is decisive.

Retrospective effect of the *Mapp* rule is enshrouded in doubt. We do not puzzle as to something which must be, for us, inscrutable. Compare *People* v. *Muller,* 11 N. Y. 2d 154. At the moment there is no occasion to do so, because in the present case no issue as to illegally seized evidence was brought here by an appropriate appellate procedure (see *Guerin* v. *Commonwealth,* 337 Mass. 264, 266–270) following the trial of the indictments. Indeed, it does not appear that any motion to suppress or objection was made either before (see *Segurola* v. *United States,* 275 U. S. 106, 111–112) or at that trial. Compare *People* v. *Friola,* 11 N. Y. 2d 157. There is no issue as to jurisdiction, and the question of law is raised for the first time in this petition. See *Commonwealth* v. *Skalberg,* 333 Mass. 255, 256.

The petitioner derives no aid from *Commonwealth* v.

*Spofford,* 343 Mass. 703, where in the Superior Court the admissibility of illegally seized evidence was properly challenged in what might be described as optimistic anticipation of the *Mapp* decision. After the *Mapp* decision, we heard the *Spofford* appeal, which came before us, as we said at page 707, ''in regular course for decision on the law as it presently stands.''

*Order affirmed.*