The PEOPLE OF the STATE OF NEW YORK ex rel. Irving ELLINGTON, Relator,

v.

Edward M. FAY, as Warden of Green Haven State Prison, Respondent.

United States District Court
S. D. New York.

Aug. 7, 1962.

Irving Ellington, in pro. per., by Sidney Liss, Jamaica, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., Frederick E. Weeks, Jr., Asst. Atty. Gen., Frank D. O'Connor, Dist. Atty., Queens County, N. Y., for respondent.

CASHIN, District Judge.

This is an application for a writ of habeas corpus claiming a violation of the relator's rights under the Fourth and Fifth Amendments of the United States Constitution. Accordingly, the court has jurisdiction to issue the writ.

Two previous applications were made to this court and both were denied on the ground that the prisoner had not exhausted his state remedies. However, since then he has exhausted his state remedies.

He was found guilty of forgery in the second degree and grand larceny in the second degree, in the Queens County Court, and was sentenced as a second felony offender to serve a term of 6 to 20 years. From that conviction he appealed to the Appellate Division, Second Department, and that court affirmed his conviction. On June 5, 1961, permission to appeal to the Court of Appeals was denied. Later he sought reargument of his application to appeal to the Court of Appeals, basing his argument for application on the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

On November 29, 1961 Judge Fuld denied this application stating as his reason that the Mapp case did not apply to his case because the petitioner had exhausted his appellate process before the Mapp decision. He said that the doctrine of People v. Defore, 242 N.Y. 13, 150 N.E. 585 (1926), represented the law of New York at that time. With his view I am wholly in accord. See also People v. Muller, 11 N.Y.2d 154, 227 N.Y.S.2d 421, 182 N.E.2d 99 (1962).

After Judge Fuld's ruling, petitioner made an application to the Supreme Court for a writ of certiorari and that was denied on February 19, 1962.

In view of the above, the writ is accordingly denied.

The petitioner asks leave to proceed in *forma pauperis*. This was granted to the petitioner by order of Judge Dimock of this court, dated May 15, 1961.

This is an order. No settlement is necessary.