Froessel, J.
Defendant was convicted of possession of policy slips in violation of section 975 of the Penal Law. The evidence showed that on May 5,1961 the arresting officer, accompanied by other officers, entered defendant’s apartment as the door opened, “ immediately ” went to the bedroom, and removed from defendant’s dresser a piece of paper and one carbon copy paper bearing notations, which the officer described as being policy plays. Defense counsel did not object “ at the moment ”.to the introduction of these two items. On cross-examination of the officer, however, counsel asked him, “ Did you have a search warrant? ”, and the officer replied, “No, I did not.”
Defendant was found guilty on June 16, 1961, and the matter was set down for sentencing on June 28. On June 19, however, the decision in Mapp v. Ohio (367 U. S. 643) was handed down and, before the date for sentencing, defendant moved by notice *63 of motion and affidavit for an order in arrest of judgment and for an order dismissing the information. Defendant’s affidavit in support of the motion stated the grounds therefor as follows: ‘ ‘ That the evidence as adduced at the trial of this matter showed that the Police Officer entered the apartment of the said defendant without a warrant, and arrested the said defendant and charged him with a violation of the above named section of the Penal Law, with respect to possession of policy slips, which were found in the defendant’s bedroom.”
After discussing the Mapp case {supra), counsel urged that the ‘ ‘ instant case falls squarely within the decision above mentioned, wherein the police officer without warrant entered the apartment of this defendant and confiscated the slips in question, all in violation of his constitutional rights against illegal search and seizure.”
The Magistrate held that he had no jurisdiction to arrest judgment, there being no provision therefor in the New York City Criminal Courts Act. He also denied defendant’s oral motion for a new trial, and as to Mapp held that it “is not retroactive ’ ’.
Having thereafter held in People v. Loria (10 N Y 2d 368, 371) that we would apply the Mapp rule in our review of pending appeals from pre-Mapp convictions, the sole question presented on this appeal is whether defendant preserved the illegal search and seizure point for our review (People v. O’Neill, 11 N Y 2d 148; People v. Coffey, 11 N Y 2d 142; People v. Friola, 11 N Y 2d 157).
The People contend that defendant failed to raise the issue of unlawful search and seizure by objection during the trial, and that the motion in arrest of judgment and for dismissal is insufficient to preserve the question for our review. We do not agree.
In People v. Yarmosh (11 N Y 2d 397, 400), a jury case, we stated that the ‘ ‘ Mapp holding is applicable if the point was preserved for review by objection or by some inquiry by defense counsel into the lawfulness of the methods of getting the evidence or ‘ at least some effort in that direction ’ (People v. Friola, 11 N Y 2d 157, 159) ” (emphasis supplied). We concluded that the defendant had adequately preserved the point for our review by establishing that the police officers did not have a search warrant, *64 questioning one of them with respect to his constitutional rights, requesting the court to charge the jury as to the illegality of the search and seizure, and moving for a new trial on the specific ground that evidence illegally obtained had been illegally received. In Yarmosh, as here, the Mapp decision was handed down after the adjudication of guilt but before the date set for sentencing.
Yarmosh is, therefore, controlling authority that -in the instant case defendant preserved the question for our review. He developed on cross-examination of the officer that the entry into defendant’s bedroom was without benefit of a search warrant, and moved for an order in arrest of judgment, for a new trial and for a dismissal of the information, before the date for sentence.
We need not decide whether or not the Magistrate correctly concluded that he lacked jurisdiction to arrest judgment, or whether a new trial might properly have been granted upon the ground advanced. The significance of these motions lies in the fact that, together with the cross-examination establishing the absence of a search warrant, they alerted the court, before the conclusion of the trial (People ex rel. Vischi v. Martin, 8 N Y 2d 63, 65; People v. Sullivan, 3 N Y 2d 196, 198; People v. Cioffi, 1 N Y 2d 70, 72), to the illegal nature of the search and seizure. The question was thus properly saved for our review.
Yarmosh also controls our disposition of this case. The complaint recites that the violation of the statute was by reason of defendant’s “possession, on his dresser in his bedroom, [of] one card bearing 6 plays * * * and one carbon copy paper bearing approximately 90 plays * * Since the arresting officer’s own testimony establishes that these items were illegally removed from defendant’s dresser, they would be inadmissible upon any retrial of this case. It would, therefore, be impossible to secure a conviction on this information, which is founded on defendant’s possession of these items.
The judgment should be reversed and the information dismissed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voobhis, Bubke and Fosteb concur.
Judgment reversed, etc.