146 So.2d 734

**Perry W. MOORE, alias**

v.

**STATE.**

**3 Div. 122.**

Court of Appeals of Alabama.

Nov. 6, 1962.

Certiorari Stricken Dec. 20, 1962.
See 147 So.2d 835.

Perry W. Moore, alias, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Here Moore appeals from the denial of discharge on habeas corpus by Hon. Eugene Carter in the Montgomery Circuit Court.

Judge Carter was eminently correct: Moore was held under a judgment of the Jefferson Circuit Court for a sentence still unexpired. Code 1940, T. 15, § 27.

Moore complained of an alleged illegal arrest, search and seizure of effects by Birmingham City detectives in 1952. Seemingly, this arrest and its fruits flowered into his indictment for robbery. Next a petty jury found him guilty and set his punish-

ment at eighteen years on each of two indictments.

 We should point out that (1) in the courts of Alabama in 1952, there was no State or Federal decision preventing conviction brought about by wrongful search or seizure, Wolf v. People of the State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Shields v. State, 104 Ala. 35, 16 So. 85; and (2) it would appear from Moore's narrative that he made no motion to suppress the evidence, Thompson v. State, Ala.App., 132 So.2d 386.* The 1961 case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, has no retrospective effect on State court convictions.[1]

Affirmed.

---

\* Ante, p. 353.

1. Petition of Dirring, Mass., 183 N.E.2d 300, post conviction reliance on Mapp; People v. Muller, 11 N.Y.S.2d 154, 227 N.Y.S.2d 421, 182 N.E.2d 99; Bender, The Retroactive Effect of an Overruling Constitutional Decision, 110 U.Pennsylvania L.Rev. 650.