152 So.2d 148

**Earl PHILLIPS, alias Perry W. Moore,**

v.

**STATE.**

6 Div. 910.

Court of Appeals of Alabama.

Feb. 19, 1963.

Rehearing Denied March 12, 1963.

Earl Phillips, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from denial of coram nobis after hearing at nisi prius.

The writ was sought in the circuit court to vacate a judgment wherein Phillips was convicted May 14, 1952, of robbing Irving W. Stern (manager of Robert Hall Clothing Co.). The jury set Phillips's sentence at eighteen years in the penitentiary. His counsel at that trial died before the bringing of coram nobis.

The principal averment was that (1) "the arresting officers did not have a single bit of evidence that the petitioner had committed a crime," and (2) the "only evidence of guilt * * * was obtained without * * a search warrant."

At the coram nobis hearing, the circuit court first asked Phillips if he wished for the court to appoint a lawyer for him. At the defendant's request for such appointment, the court designated Roger Rice, Esq., as counsel.

After the petitioner and his counsel had conferred from 9:44 to 10:13, A.M., the issues were clarified and the petitioner took the stand.

Petitioner testified that in February, 1952 (flanked on one side by a suitcase and on the other by a small travelling bag), he was standing on the sidewalk in front of a drugstore in downtown Birmingham. There three city detectives, none of whom had a warrant, arrested him. They took Phillips to the police headquarters in City Hall.

At headquarters the officers opened Phillips's luggage. This was done in spite of his remonstrance because they had no warrent to make such a search.

In the suitcase were a bank deposit slip and some silver coins, some of which were in paper money wrappers. Phillips claimed the coins and wrappers belonged to his brother. The brother has since died.

Phillips, on the coram nobis hearing, testified that on the trial of the robbery indictment "the evidence taken from * * * [the] suitcase [was] introduced into evidence * * * There was no objection made by the counsel as to the evidence being entered."

On cross Phillips admitted that at the time of his arrest he was headed to the Greyhound Bus Station in order to go to Jacksonville, Florida.

Mr. Henry Darnell, one of the arresting detectives, was called by Phillips. He gave the circumstances of an informant's telephoning him about five minutes before Phillips's arrest. The informant had proved reliable beforehand.

The lawfulness of the search and seizure which led to the police discovering money and other objects seems to us in this case to be beyond question. *First,* the officers knew the robbery had been committed. *Second,* one or more of the detectives had reasonable cause to believe that a man answering Philllips's description had possession of the wrapped up money. *Third,* the officers found Phillips getting ready to leave town.

Earlier we had occasion to consider Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, when Phillips (sub nom. Moore) filed an appeal from the denial of habeas corpus. 41 Ala.App. 657, 146 So.2d 734. Therein we concluded, on the basis of the opinion's procedural aspect and the persuasiveness of opinions in other jurisdictions, that Mapp v. Ohio was not retrospective in its operation. Also, we noted there

was nothing in that record to show a compliance with the procedural requirement that the defendant make a pretrial motion to suppress evidence illegally seized.

In Thompson v. State, 41 Ala.App. 353, 132 So.2d 386, relying upon earlier opinions dealing with the State prohibition law, we announced that such a pretrial motion was ordinarily a condition precedent to any appellate review of a ruling arising out of the use of evidence illegally seized.

On this record, it is abundantly clear that no such motion to suppress was made. We consider no constitutional right of the appellant was violated by reason of the use in evidence of the matter shown by the record in this proceeding to have been seized.

This appeal comes here wrapped in two presumptions: that attending the verdict and judgment of conviction and that cloaking the judgment on coram nobis. People v. Shorts, 32 Cal.2d 502, 197 P.2d 330. Nothing appears in the record leading to this second judgment which would have prevented the original.

Affirmed.