Chief Judge Desmond.
The order should be affirmed. However, some of the statements in the opinion of the intermediate court (former Appellate Part of Special Sessions) prompt us to elaborate somewhat on the jurisdictional and procedural questions there discussed.
The Appellate Part correctly held (see People v. Loria, 10 N Y 2d 368) that the exclusionary doctrine of Mapp v. Ohio (367 U. S. 643) applies to criminal causes tried before the Mapp ruling. The court next stated that “ the absence of exception to the admissibility of the offending evidence in the trial court is not a bar to a review” and that failure to voice such an *250 exception is not a waiver of the law point. Taken at its fullest, the second of those statements is contrary to People v. Coffey (11 N Y 2d 142); People v. O’Neill (11 N Y 2d 148), and People v. Friola (11 N Y 2d 157) which hold that in the Court of Appeals the illegal evidence point is unavailable when it has not been brought to the attention of the trial court. However, an intermediate appellate court may, regardless of objections or exceptions, reverse in the interests of justice or because the trial court judgment was against the weight of evidence. In arriving at its conclusion as to “ interests of justice ” or weight of evidence, the intermediate court is not precluded from taking into consideration the circumstance that illegal evidence was taken.
Since the reversal here was soundly based on grounds within the intermediate appellate court’s competence, we affirm.,
Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
Order affirmed.