UNITED STATES ex rel. Wilken
McCREA, Petitioner,

v.

J. E. LaVALLEE, Warden of Clinton
Prison, Dannemora, N. Y.,
Respondent.
Civ. No. 9666.

United States District Court
N. D. New York.
May 8, 1963.

Wilken McCrea, pro se.

BRENNAN, District Judge.

The above named state court prisoner presents a concise application for a writ of habeas corpus, designed to challenge the validity of his present detention.

The petitioner was convicted by the verdict of a jury in the County Court of Bronx County of the crime of burglary third degree and grand larceny second degree. He was thereafter and on the 16th day of December 1958 sentenced as a second felony offender to be confined for from ten to fifteen years and is detained under the resulting commitment. No appeal was taken from the judgment of conviction.

In substance petitioner contends that physical evidence, which was obtained as the result of an alleged illegal search and seizure, was offered and received in evidence upon petitioner's trial. He urges that the decision of the Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, should be applied retrospectively and that the receipt of the alleged illegally obtained evidence voids his conviction. It is also urged that the recent decision of the Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 899, requires that this court afford him a remedy even though the contentions have in no way been submitted to the state court. A brief background of the facts is set out below.

On the evening of September 27, 1958 certain gas station premises, located in Bronx County, were entered and a number of automobile tires and a small amount of currency were taken therefrom. Later the same evening co-defendant Covington was questioned by police officers who noticed automobile tires in the back seat of his standing automobile. It appears that Covington was placed under arrest and upon search of his car three automobile tires were found in the back seat and five additional tires in the trunk of said car. A few hours later, the petitioner was accosted by police officers in the vicinity of the gas station, above referred to. His person was searched but no evidence was seized or found. He was taken to the police station and eventually was brought to trial with his co-defendant Covington. The automobile tires, seized as above, were offered and received in evidence upon the trial. There is no allegation that an objection to the admissibility of the above items was made and, as already mentioned, no appeal was taken from the judgment of conviction which became final upon the

expiration of the time to appeal therefrom.

No doubt the trial record would disclose more accurately the circumstances of the arrest of both the petitioner and his co-defendant and would indicate the use made of the physical evidence above referred to upon the trial. Whether or not such record is available is unknown. Taking the petition as it is however, it would seem that the question of the retrospective application of the Mapp decision is the crux of the problem involved here.

This court is aware of the decision in Hall v. Warden, Maryland Penitentiary, 4 Cir., 313 F.2d 483 which holds in effect that the Mapp decision involves a constitutional question rather than a rule of evidence and that it should be applied retrospectively. While this decision is persuasive upon the point involved, the problem has not been settled in this circuit. In fact, there is pending in the Circuit Court of Appeals for the Second Circuit appeals from or applications for certificates of probable cause to appeal from at least four decisions made by the undersigned in which it was held in substance that the Mapp decision is not to be applied retrospectively in state court cases, the judgment in which had become final prior to Mapp. These decisions are Nibbs v. Murphy, decided October 8, 1962; Racks v. Murphy, decided October 17, 1962; Broughton v. Murphy, decided December 19, 1962 and U. S. ex rel. Holland v. Murphy, decided December 31, 1962. Several New York cases were relied upon in the above decisions such as Peo. v. Loria, 10 N.Y.2d 368, 223 N.Y.S. 2d 462, 179 N.E.2d 478; Peo. v. Coffey, 11 N.Y.2d 142, 227 N.Y.S.2d 412, 182 N.E.2d 92; Peo. v. O'Neill, 11 N.Y.2d 148, 227 N.Y.S.2d 416, 182 N.E.2d 95; Peo. v. Muller, 11 N.Y.2d 154, 227 N.Y. S.2d 421, 182 N.E.2d 99; Peo. v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 and Peo. v. Meyer, 11 N.Y.2d 162, 227 N.Y.S.2d 427, 182 N.E.2d 103. The above decisions also seem to be persuasive and to date our Court of Appeals has not passed upon the problem. It might be practical to delay acting upon the present petition pending Appellate Court action but experience indicates that such a position would not meet with petitioner's approval. The statute also requires prompt action in habeas corpus proceedings.

Under the circumstances and in view of the apparent differences existing among courts as to the application of the Mapp decision, it would seem that this court should follow its prior decisions and hold in effect that the principles in the Mapp decision are not to be applied retrospectively and that the application should be dismissed because of the failure to exhaust state court remedies.

For the reasons above indicated, it is

Ordered the application be and the same is hereby denied and the Clerk is directed to file the petition without the requirement that fees therefor be prepaid.