**UNITED STATES ex rel. Charles EMERICK, Petitioner,**

v.

**Wilfred L. DENNO, as Warden of Sing Sing Prison, Ossining, New York, Respondent.**

United States District Court
S. D. New York.
July 31, 1963.

Anthony F. Marra, New York City, for petitioner; Leon B. Polsky, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, for respondent; Samuel A. Hirshowitz, First Asst. Atty. Gen., Gretchen White Oberman, Asst. Atty. Gen., and Ronald J. Offenkrantz, Deputy Asst. Atty. Gen., State of New York, of counsel.

METZNER, District Judge.

This is a petition for habeas corpus by a state prisoner who claims that illegally seized evidence was admitted at his trial and therefore he is entitled to be released under the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Petitioner was sentenced on March 19, 1959 and no appeal was taken from the judgment of conviction. No objection to the admission of the evidence was made on the trial because at the time such evidence was constitutionally admissible in the courts of New York. Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949); People v. Defore, 242 N.Y. 13, 150 N.E. 585 (1926). The question presented is whether the rule in the Mapp case is to be applied retroactively.

Before reaching the main issue on this application, we must dispose of

the state's contention that the petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254. This section precludes federal habeas corpus if petitioner has, "at the time he files his application in federal court", a remedy available to him in the courts of the state. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ ■  It appears that New York does not provide a present remedy for persons in Emerick's position, and therefore section 2254 does not present a bar to the granting of relief.[1]  It is now clear that New York holds the Mapp rule to be applicable to pre-Mapp convictions only if the case was in the appellate process on the date Mapp was decided. People v. Muller, 11 N.Y.2d 154, 227 N.Y.S.2d 421, 182 N.E.2d 99 (1962); People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E.2d 478 (1961). Once the appellate process has run its ordinary course, a defendant convicted pre-Mapp may not now secure a reversal based on Mapp. People v. Muller, supra. Collateral attack by coram nobis is not available to this petitioner. People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962). Nor is habeas corpus available. People ex rel. Sullivan v. Fay, 16 A.D.2d 823, 228 N.Y.S.2d 744 (1962), leave to appeal denied, 12 N.Y.2d 643, 232 N.Y.S.2d 1027, 185 N.E.2d 552 (1963); People ex rel. White v. LaVallee, 223 N.Y.S.2d 135 ′ (Sup.Ct.1961). Motions to vacate judgment have also been denied. People v. Angelet, 221 N.Y.S.2d 834 (Ct.Gen.Sess.1961), affirmed without opinion, 18 A.D.2d 649, 235 N.Y.S.2d 828 (1962); People v. Oree, 220 N.Y.S.2d 121 (Co.Ct.1961).

■  Moreover since a failure to utilize state remedies available in the past does not preclude federal habeas corpus, Fay v. Noia, 372 U.S. 391, 434-35, 83 S.Ct. 822, 9 L.Ed. 837 (1963); Emerick's failure to appeal from the judgment of conviction does not require a denial of the writ on this ground.

We come now to the merits of the application. While much has been written on the subject of whether the Mapp case should be applied retroactively, the Court of Appeals for this circuit has not as yet expressly passed upon the issue. In several cases certificates of probable cause for appeal have been denied, but it is not clear whether the denials were predicated upon the fact that the district court had held Mapp prospective, or that by their pleas of guilty the defendants had waived their constitutional rights, or that the defendants had failed to exhaust state remedies. After the decision by the New York Court of Appeals in the Howard case, supra, and that of the Supreme Court in the Noia case, supra, the failure to exhaust state remedies would appear no longer to be a basis for denying the certificate, as I have indicated above.

There are presently pending in the Court of Appeals two applications for certificates of probable cause and two cases in which such a certificate was granted by the district judge. In one of the latter cases the defendant had been convicted after trial and no appeal had been taken from the conviction. The district court denied the application for the writ, inter alia holding Mapp prospective only. United States ex rel. McCrea v. LaVallee, N.D.N.Y., May 8, 1963, 219 F.Supp. 917. Accord, People ex rel. Ellington v. Fay, 207 F.Supp. 595 (S.D. N.Y.1962). I agree with these determinations.

In Gaitan v. United States, 317 F.2d 494 (10th Cir., 1963), the court held that Mapp was not to be applied retroactively. On the other hand, in Hall v. Warden, 313 F.2d 483 (4th Cir.), cert. denied sub nom. Peppersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032 (June 10, 1963) (No. 909), the court applied the Mapp rule retroactively. A similar result was reached in Hurst v. California, 211 F.Supp. 387 (N.D.Cal.1962).

While the exclusionary rule enunciated in Mapp has a constitutional basis, this

1.  Cf. United States ex rel. Tucker v. Donovan, 2d Cir., July 29, 1963, 321 F.2d 114.

does not necessarily mean that it must be applied retroactively. See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Bender, The Retroactive Effect Of An Overruling Constitutional Decision; Mapp v. Ohio, 110 U.Pa.L.Rev. 650 (1962).

The highest courts of several states have had this problem presented to them and have held that Mapp should not be applied retroactively. Moore v. State, 41 Ala.App. 657, 146 So.2d 734 (1962); In re Harris, 56 Cal.2d 879, 16 Cal.Rptr. 889, 366 P.2d 305, 306 (1961) (Traynor, J. concurring); Petition of Dirring, 183 N.E.2d 300 (Mass.1962); People v. Muller, supra; Commonwealth v. Myers, 199 Pa.Super. 341, 185 A.2d 806 (1962). See Traynor, Mapp v. Ohio at Large in the Fifty States, 1962 Duke L.J. 319.

In Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), the Supreme Court overruled the silver platter doctrine, first enunciated in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). Elkins was held prospective only in Gaitan v. United States, 295 F.2d 277 (10th Cir., 1961), cert. denied, 369 U.S. 857, 82 S.Ct. 939, 8 L.Ed.2d 15 (1962).

On the other hand, in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Supreme Court defined for the first time the constitutional right of an indigent defendant to a trial transcript at state expense if it were necessary to enable him to appeal. This rule was held retroactive in Eskridge v. Washington State Bd., 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958). Accord, Patterson v. Medberry, 290 F.2d 275 (10th Cir.), cert. denied, 368 U.S. 839, 82 S.Ct. 59, 7 L.Ed.2d 39 (1961). The Court has also suggested that it will hold retroactive the rule in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), and held that states must provide counsel for all indigent defendants in all criminal cases. Davis v. Banmiller, 374 U.S. 489, 83 S. Ct. 1875, 10 L.Ed.2d 1044 (June 18, 1963); Walker v. Walker, 374 U.S. 488, 83 S.Ct. 1878, 10 L.Ed.2d 1044 (June 18, 1963).

■ The above cases do not clearly indicate what the rule as to retroactivity should be. Because of this, and because there is no constitutional necessity that Mapp be retroactive, nor is there clear indication in the opinion itself (compare Hall v. Warden, supra, with Gaitan v. United States, 317 F.2d 494, supra), a determination must be made whether the purpose of the decision will be served by applying it to prisoners whose time for appeal had run prior to its enunciation. The Fourth Amendment guarantees the privacy of the individual, and the exclusionary rule has been fashioned to deter police officers from illegally invading this privacy. This deterrent effect will not be aided by upsetting convictions properly obtained according to the then law as announced by the highest court in the land. As Judge Friendly noted in United States v. Sobell, 314 F.2d 314, 323 n. 6 (2d Cir., 1963),

"there is the undesirability of having to reconsider hundreds of cases, decided correctly under the law as precisely ruled at the time, in only a few of which will the contentions be made out on the facts."

Cf. Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 647, 136 A.L.R. 1025, cert. denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543 (1941).

The petition for a writ of habeas corpus is denied. Petitioner is granted a certificate of probable cause pursuant to 28 U.S.C. § 2253. So ordered.