UNITED STATES of America ex rel.
Leon E. WEST, Petitioner,

v.

J. Edwin LaVALLEE, Warden of Clinton
Prison, Dannemora, New York,
Respondent.

Civ. No. 9686.

United States District Court
N. D. New York.

Aug. 12, 1963.

Leon E. West, pro se.
No appearance for defendant.

JAMES T. FOLEY, Chief Judge.

Memorandum—Decision and Order

The petitioner, in a neat, handprinted application for habeas corpus, sets forth with clarity eight contentions that he deems worthy of federal consideration. In my judgment only two reach such stature and those are the now familiar claims first, that evidence seized by illegal search, and secondly, a confession extracted by coercion, were admitted in evidence at his trial. The petitioner was convicted after trial by jury in Albany County in October, 1959, of the crime of possession of narcotics with intent to sell, and sentenced as a third felony offender to a term of eight to sixteen years. The appeal reached the Appellate Division, Third Department, and was argued June 8, 1961; and when the important ruling with abrupt change from the past was handed down by the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, the matter was reargued. The Appellate Division, Third Department, reviewed the conviction and granted a new trial referring specifically to People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E. 2d 478; People v. West, 15 A.D.2d 686.

Presiding Justice Bergan granted permission to appeal to the Court of Appeals, and after resettlement procedures it was certified by the Appellate Division, Third Department that its ruling embodied solely a question of law, and except for such asserted question of law that Court would have affirmed the conviction on the facts. (12 N.Y.2d 995, 239 N.Y.S.2d 124, 189 N.E.2d 620; 18 A.D. 2d 1047). The Court of Appeals, New York, unanimously reversed the order of the Appellate Division and reinstated the judgment of the Albany County Court upon the specific ground that the voiced "no objection" of defense counsel to the admission of evidence alleged on appeal to have been illegally seized, preserved no question of law for review by any appellate court of New York despite the Mapp ruling. (People v. West, 12 N.Y. 2d 1090, 240 N.Y.S.2d 159). It is significant to note that with this apparent

judicial and careful approach to the points raised on appeal both the Appellate Division and the Court of Appeals expressed the view in their opinions that other alleged errors lacked merit and substance.

█ The aftermath of the ruling in Mapp v. Ohio, supra, has been the creation of a patchwork of varying interpretations and distinctions with, I am sure, many more to come. The retroactive effect of the ruling is immersed, and may be for a long time before final definite ruling, in a cauldron of controversy. (Hall v. Warden, 4 Cir., 313 F.2d 483, cert. den. sub. nom. Pepersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032; Hurst v. People, (N.D.California), 211 F.Supp. 387, 395; Contra Gaitan v. United States, 10 Cir., 317 F.2d 494). New York, through its Court of Appeals in a series of opinions, has limited retroactive application and clarified the circumstances in which the Mapp ruling would be applied. (People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E. 2d 368; People v. Coffey, 11 N.Y.2d 142, 227 N.Y.S.2d 412, 182 N.E.2d 92; People v. O'Neill, 11 N.Y.2d 148, 227 N.Y.S.2d 416, 182 N.E.2d 95; People v. Muller, 11 N.Y.2d 154, 227 N.Y.S.2d 421, 182 N.E. 2d 99; People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100; People v. Meyer, 11 N.Y.2d 162, 227 N.Y.S. 2d 427, 182 N.E.2d 103; People v. Wade, 12 N.Y.2d 61, 236 N.Y.S.2d 36, 187 N.E. 2d 111; People v. Kelly, 12 N.Y.2d 248, 238 N.Y.S.2d 934, 189 N.E.2d 477). More important, however, is the fact that Judge Brennan of this District Court in United States ex rel. McCrea v. LaVallee, Warden, D.C., 219 F.Supp. 917, expressly followed these rulings of the New York Court of Appeals and refused to apply the Mapp doctrine retroactively. In the interests of order and comity in this two-judge district, I adopted and followed the reasoning and ruling of Judge Brennan in this respect. (United States ex rel. Wilson v. Murphy, Warden, (ND NY), decided June 11, 1963). These serious questions that must await authoritative appellate ruling have been recognized but have not yet been decided, by the Court of Appeals, Second Circuit. (United States v. Sobell, 2 Cir., 314 F.2d 314, 322, fn. 6; United States ex rel. Vaughn v. LaVallee, 2 Cir., 318 F.2d 499). The record of the trial has been furnished by the petitioner and at my request appellate briefs have been supplied by the Assistant District Attorney Lyons, of Albany County, who prosecuted the case, and shall be filed with the Clerk of this Court. Although I do not reach the merits of the illegal search and seizure challenge, it is clear in the trial record that the defense counsel unequivocally expressed himself as having "no objection" to the introduction of the heroin packets and containers. (pgs. 33–36, 132–34). The answer to be presumed for this position, of course, was the defense that the heroin was brought into the house of the defendant in a brown paper bag by his girl friend unknown to him. The girl friend testified at the trial that an acquaintance, known only by his first name, gave her the brown bag in a grill to take care of for a couple of hours, and she did not know the contents. The failure to object, done knowingly and pursuant to defense strategy, may waive constitutional infirmity if it did exist. (United States ex rel. Reid v. Richmond, 2 Cir., 295 F.2d 83, 89–90; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L. Ed.2d 726, 744, n. 15). It would also seem logical answer to deny federal intrusion at this time by reason of the failure to object because such strategy of defense counsel results in a situation where the State had no reason or opportunity to produce further evidence, if necessary, that would justify legally the search and seizure.

█ The coerced confession claim is one with which this District Court has had considerable experience. (United States ex rel. Kiernan v. LaVallee (NDNY), 191 F.Supp. 455). It is a troublesome, delicate challenge that results in sharp division and extensive writings by the highest authority. (See Spano v. New York, 360 U.S. 315, 321, n. 2, 79 S.Ct. 1202, 3 L.Ed.2d 1265). It is a

field of law uncertain in guide and principle except for a statement of generalities to be applied to the facts. It is fundamental and settled that the totality of circumstances must be considered. (Fikes v. Alabama, 352 U.S. 191, 197, 77 S.Ct. 281, 1 L.Ed.2d 246). It did seem settled that in the federal review the federal courts should remain away from the disputed fact area. Thomas v. Arizona, 356 U.S. 390, 402–403, 78 S.Ct. 885, 2 L.Ed.2d 863; compare Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

In the record here, the examination and offer of evidence as to the voluntariness of the confession described as a "trial within a trial" is contained in pages 39 to 108. The record is complete on this issue and the defense attorney stated he had nothing further to offer on the issue of voluntariness other than the testimony of petitioner. (pg. 69). I have read through such testimony. My evaluation and findings are that the voluntariness of the confession is supported factually in the record to such degree by acceptable evidence that the drastic conclusion to void the confession would need the straining to the extreme of a few isolated factors. The physical abuse claimed by the petitioner was flatly denied by several witnesses. Together with the testimony of the detectives in and around the scene we have the additional testimony contradictory of abuse or coercion of the District Attorney and the Grand Jury stenographer, and a reporter from the local newspaper. The newspaperman observed the petitioner during and after the period of questioning at close range, and saw no marks of physical abuse or lumps that swelled his head, as he claimed, and heard no protest by him as to coercion. It is undisputed that the questioning lasted approximately three hours in the evening and admittedly was done by one detective who alone typed out the statement which the defendant signed, and asked the questions. Coffee, sandwiches and cigarettes were obtained and given to the petitioner and his friends, also arrested with him, who were detained in a room nearby. The request for a lawyer made by defendant is the testimony of the petitioner alone, and the detective who questioned him admitted that he did not advise of right to counsel, but never was asked, nor did he admit, from my review of the record, that the request was made and answered by him as the defendant described it. (See Spano v. New York, supra; Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523; Culombe v. Conn., 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037). The charge of the Court, as I read it, presented fairly and adequately without qualification or limitation the confession issue by instruction that if there was reasonable doubt as to freeness or voluntariness the confession should be totally disregarded. (pgs. 205, 213). There were no exceptions or requests to charge in any respect by defense counsel.

In all these situations, it has been my experience logical argument can be made for deduction and inference either way. The matters are troublesome and as Justice Goldberg wrote recently for the court in a 5–4 ruling voiding a conviction upon this same type claim, the line between proper and permissible police conduct and techniques and methods offensive to due process is, at best, a difficult one to draw. (Haynes v. Washington, 373 U.S. 503, 515, 83 S.Ct. 1336, 10 L.Ed.2d 513). This opinion may foreshadow as others recently have that psychological pressures, unfair inducements and incommunicado detention for questioning may be violative of constitutional rights under certain circumstances. These new rulings should be read carefully by the law enforcement officers and prosecutors of the States, because impropriety in a constitutional sense may make vain the expenditure of time and effort in criminal investigations and trials.

However, in this situation, it is my firm conclusion there is not enough to support a claim of conduct of any kind in the obtainment of the confession that may be determined as coercive and impermissible, and beyond the bounds of

due process. (United States ex rel. Eckwerth v. Denno, 2 Cir., 261 F.2d 511, cert. den. 358 U.S. 945, 79 S.Ct. 355, 3 L.Ed. 2d 353).

The petition is denied and dismissed. The papers shall be filed without the requirement of fee, and it is

So ordered.