UNITED STATES of America ex rel.
Anthony C. RICCO, Petitioner,

v.

Hon. J. Edwin LaVALLEE, Warden of
Clinton Prison, Dannemora, New
York, Respondent.

Civ. No. 9498.

United States District Court
N. D. New York.

Jan. 2, 1964.

Anthony C. Ricco, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Albany, N. Y., Joseph J. Rose, Albany, N. Y., of counsel, for respondent.

JAMES T. FOLEY, Chief Judge.

This is another of the numerous habeas corpus applications that are so time-consuming for two judges in this District Court owing to the fact the serious claim of the use of a coerced confession at a New York criminal trial is made. (See United States ex rel. Kiernan v. LaVallee (NDNY), 191 F. Supp. 455; United States ex rel. Martin v. Murphy, D.C., 208 F.Supp. 562; 2 Cir., 319 F.2d 897; United States ex rel. Walker v. LaVallee, (NDNY), 224 F. Sup. 661). By rulings of the highest judicial authority in the land that under our legal system must be followed by federal and state courts, it is now settled law that the federal courts must make independent examination of the record in these presentations to determine the merit of the claim. The performance of such duty cannot be foreclosed by the findings of a court, or the verdict of a jury, or both. (Payne v. Arkansas, 356 U.S. 560, 562, 78 S.Ct. 844, 2 L.Ed.2d 975; Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3

L.Ed.2d 1265; Haynes v. Washington, 373 U.S. 503, 515, 83 S.Ct. 1336, 10 L.Ed. 2d 513). With this delicate responsibility imposed by the Supreme Court of the United States, it seems well to point out that the federal District Judge needs the cooperation and assistance of the Attorney General of New York and the District Attorneys throughout that State in obtaining the necessary records for review. It is most helpful, when it is necessary,—and usually it is,—that the complete state trial record be submitted to the District Judge for retention and use of the same when he can reach the matter for decision. Answering affidavits of the Attorney General, or the particular District Attorney involved, from my experience, have great value when they refer by page number to the various parts of the trial record pertaining to the voluntariness issue of the admissions or confessions. Reference in the same manner should be made to the pages that contain the rulings during the trial and charge of the State trial Judge on these issues. It is an aid at times to have submitted the printed briefs from the Appellate Division and the Court of Appeals when such are in existence and contain these same type references and contentions in relation to the coerced confession issue. (See United States ex rel. Wade v. Jackson, 144 F.Supp. 458, 460; Reversed 2 Cir., 256 F.2d 7; cert. den. 357 U.S. 908, 78 S.Ct. 1152, 2 L.Ed.2d 1158). I make these statements as serious suggestions because the burden of these matters is becoming severe, in my judgment, for the State legal officers as well as the District Judges and wholehearted cooperation between the state prosecutive and legal officers is necessary to cope with these increasing applications. There are practical problems ever present in this District due to confinement of the prisoners upstate that in every instance brings these serious and substantial questions here by the jurisdictional provisions of the federal habeas corpus statutes after the trials are held in New York City or Brooklyn or the surrounding metropolitan areas and counties. (28 U.S.C.A. § 2241; Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898). It is evident that more hearings than previously held are in store for this District Court in view of the ruling in Townsend v. Sain, 372 U.S. 293, 311–312, 83 S.Ct. 745, 9 L.Ed.2d 770. It should be realized that in some instances a full and productive hearing may be impossible in this District far from New York City, because under the range of the present subpoena power in a civil proceeding our subpoena process in this District could not reach into New York City and Brooklyn. If hearings are not to be handicapped by failure of effective process, it may be there should be extension of the subpoena range in habeas corpus proceedings. In several important habeas corpus hearings I have held there was serious inconvenience caused for responsible and busy citizens, such as doctors, judges, lawyers, detectives and others concerned by the need for travel to Albany from the New York City area, and being compelled at times to remain in Albany for several days. Again it may be that thought should be given to a provision in the federal habeas corpus statute that would allow discretionary transfer of hearings to the Southern and Eastern Districts of New York where the state trial was held and where the pertinent records and material witnesses are usually available, and where the federal Courthouses are within subway distance for all concerned. (See 28 U.S.C.A. § 1404). As well as furthering the efficient administration of justice in habeas corpus, this might alleviate the situation pointed out by Judge Friendly of the Court of Appeals, Second Circuit recently that the happenstance of location of prisons in upstate New York has resulted in a disproportionate share of the habeas corpus burden being borne by the District Judges for the Northern and Western Districts of New York. (United States ex rel. McGrath v. LaVallee, 2 Cir., 319 F.2d 308, pg. 318).

The petitioner here was convicted in the Court of General Sessions, New York County, in 1953 of the crimes of possessing and selling narcotics, and was sentenced as a prior felony offender to a term of 7½ to 15 years. The conviction was affirmed without opinion. (People v. Indiviglio, 284 App.Div. 1032, 136 N.Y. S.2d 363). It was affirmed, no opinion, by the Court of Appeals, New York. (308 N.Y. 1036, 127 N.E.2d 869). In 1955 the Court of Appeals, on motion, amended its remittitur to state specifically that the denial of application for a preliminary hearing before receipt of a confession in evidence was not a denial of due process or violation of rights under the Fourteenth Amendment to the federal Constitution. (309 N.Y. 805, 130 N.E.2d 608). Certiorari was denied Ricco v. People of State of N. Y., 350 U.S. 918, 76 S.Ct. 206, 100 L.Ed. 804. More than ten years after the conviction the present petition, handwritten in form but with intelligent and clear presentation of fact and law, was filed directly with me in this District Court. I issued an order to show cause to the Attorney General of New York State and the District Attorney of New York County where the trial was held and the conviction rendered. The Assistant Attorney General has filed an adequate answering affidavit, but unfortunately without reference to the pages of trial record noted previously as a most important assistance. The office of District Attorney Hogan, a distinguished District Attorney of New York, did not appear or answer in any manner. This has been the custom and practice of that office in regard to these applications from my memory, except in only one or two instances. By effort of my own office, a transcript of the trial record was forwarded at my request from the Law Library, Supreme Court of New York, General Sessions Branch, 100 Centre Street, New York City 13, N. Y., where it shall be returned by mail. The references in this decision are to the numbered pages of that particular transcript of the trial. I had to find my own way through this 653 page record and shall endeavor to point out by page reference the portions of the record that relate to the issue in order that some help may be given to the Court of Appeals, Second Circuit, when the inevitable appeal is filed from this decision of denial.

My review of the record does not permit the finding of coercion and involuntariness that would lead to the drastic conclusion that would void this ten-year-old conviction. As indicated recently by Judge Smith in United States ex rel. Williams v. Fay, 2 Cir., 323 F.2d 65, 67, a reasonable guide for decision in these perplexing problems is comparison of the particular facts involved with the facts of prior decided cases which have found confessions to be coerced. In the most recent writing by the Supreme Court, Justice Goldberg emphasized again that whether the confession was obtained by coercion or improper inducement can be determined only by examination of all the attendant circumstances. As indicative of the difficulty encountered in these reviews by our highest court, it was also noted in this same opinion that the line between proper and permissible police conduct and techniques and methods offensive to due process is a difficult one to draw when it is necessary to make fine judgments as to the effect of psychologically coercive pressures and inducements on the mind and will of an accused. (Haynes v. Washington, supra, 373 U.S. pgs. 513, 515, 83 S.Ct. pp. 1343, 1344, 10 L.Ed.2d 513). In my judgment, decisive and weighty consideration is given to factors today in the usual circumstance of detention and police questioning of suspects that were not previously given such controlling and important significance, alone or in combination. However, even under the new concept, in my judgment, there is not enough similarity here with undisputed or disputed factors found sufficient in other instances to support the claim of coercion or unfair pressures as being violative of federal due process. (See Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; Lynumn v. Illinois, 372 U.S. 528, 83 S.

Ct. 917, 9 L.Ed.2d 922; Haynes v. Washington, 373 U.S. 508, 83 S.Ct. 1340, 10 L.Ed.2d 513).

The questioning of petitioner took place in his sister's apartment after an arrest and search therein was being conducted by New York detectives and federal agents for narcotics. The questioning by Detective Sergeant Cottone, who testified at the trial, was that the oral admissions from petitioner were obtained while both were sitting on a couch in the apartment. (pgs. 139–274). This questioning was not commenced until petitioner came to the apartment while the raid and search were being conducted, and after he himself was searched and $1500.00 found on his person. (pg. 162). The Detective Sergeant shook hands with Ricco, and some time later coffee was made by the sister, although she says this was done under the compulsion of the police. (pgs. 168, 410). This atmosphere does not seem to be one of coercion or intimidation. There is little dispute that the questioning in which the oral admissions were obtained, at the most, involved an hour and one-half, and the fifteen-line statement written out by Assistant District Attorney Melia thereafter and witnessed by two detectives was followed by ten or fifteen minutes of interrogation by the Assistant District Attorney. (pgs. 295, 317). No claim of physical abuse is made. The main attack in this present petition, as was also made at the trial by his attorney, is that the written confession was involuntary in that Detective Sergeant Cottone threatened to put the sister and brother-in-law of the petitioner in jail, and their children in a home if the written confession was not signed. These contentions as I read the record, were allowed full development by the Court, and the skillful attorney for the petitioner put the position of the defendant in evidence, even though he did not testify, by the questions of his cross-examination. Such threats or pressures were denied completely. (pgs. 262–263). The Assistant District Attorney testified that he advised Ricco and one Indiviglio,

tried with him as a codefendant, that they did not have to answer his questions. It is significant to me that Indiviglio, in the same place and under the same circumstances, refused to answer and signed no confession without further difficulty. (pg. 297). The Assistant District Attorney denied threats, pressures or inducements of any kind when he questioned and took the statement from the petitioner. For the petitioner, his sister and brother-in-law testified at the trial that they overheard the claimed threats (pgs. 373–385; 403–418). The duress and coercion issue was charged on the facts and law exhaustively under proper standards, and specific requests to charge on the subject were delivered. (pgs. 611–612). At the request of the jury during deliberations, coercion and duress were defined again by the Judge at their request. (pgs. 628–630).

The contention most relied on in the petition here and also in the state court review to void the conviction was that the trial judge denied a motion for a preliminary hearing when the written confession was offered in evidence and objected to. (Section 395, Code Crim. Proc., N.Y.; See People v. Doran 246 N.Y. 409, 159 N.E. 379). This did occur, but such motion was not pressed too hard, and the experienced and qualified attorney for the petitioner requested with no further argument or clarification that the receipt of the confession in evidence be deferred until the defense was heard. (pgs. 302–303). Apparently the occurrence was considered by the Judge as one of little consequence because when raised later after the verdict the trial Judge had to refresh himself to ascertain that there had been denial of the motion for preliminary hearing. (pg. 302). As I stated before, the record indicates there was full and unimpeded development allowed to the defense on the coerced confession issue. There is no exact procedure prescribed or outlined in the statute that was violated on the procedural admission of confessions. New York case law requires that

despite the grant of the preliminary hearing the evidence as to involuntariness should be taken in the presence of the jury. (People v. Randazzio, 194 N.Y. 147, 87 N.E. 112). The determination of admissibility of a confession is a matter of state and local procedures. (Rogers v. Richmond, supra, 365 U.S. pg. 545, fn. 3, 81 S.Ct. 742, 5 L.Ed.2d 760; Culombe v. Conn., 367 U.S. 568, 588, 81 S.Ct. 1860, 6 L.Ed.2d 1037). If irregularity did occur in the state procedures, I find no prejudice or harm resulted. Mere error in the application of state law is not considered a denial of due process. (Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683). In my judgment, this complete record made by experienced lawyers is sufficient to dispense with need for a hearing in the determination of the coerced confession issue. (United States ex rel. McNerlin v. Denno, (SDNY), 214 F.Supp. 480, 486; aff'd 2 Cir., 324 F.2d 46). I find no coercion, but a confession voluntarily made by free choice and not extracted by sustained police pressures that violated due process. (United States ex rel. Eckwerth v. Denno, 2 Cir., 261 F.2d 511).

As to the secondary contention presented that the conviction was voided in that there was an illegal search and seizure, this District Court, first by decision of Judge Brennan, has followed the rulings of the Court of Appeals, New York, in the limited retroactive application given to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. (See United States ex rel. McCrea v. LaVallee, (NDNY), 219 F.Supp. 917). The State of New York ten years ago was not presented with the issue at the trial, nor was it preserved by objection then, or raised in the State Court appeals, or since then, by any post conviction application. (See People v. Kelly, 12 N.Y.2d 248, 238 N.Y.S.2d 934, 189 N.E.2d 477).

The petition is denied and dismissed. The papers shall be filed without the prepayment of fee, and it is

So ordered.