TOWN OF IRVINGTON, PLAINTIFF-RESPONDENT, v. CLARA SCHNEIDER, DEFENDANT-PROSECUTRIX.

Submitted January 18, 1938—Decided July 20, 1938.

Before Brogan, Chief Justice, and Justices Trenchard and Parker.

For the defendant-prosecutrix, *Jacob S. Karkus* (*O. R. Moyle,* of the New York bar, on the brief).

For the plaintiff-respondent, *Meyer Q. Kessel* (*Thomas L. Hanson,* of counsel).

Per Curiam.

The record in this case is confusing and indeed incomplete in certain respects.

However, it indicates that the prosecutrix of this writ (hereinafter called the defendant) together with others, were individuals calling themselves Jehovah's Witnesses. They were arrested, and convicted by the Recorder's Court in Irvington, charged with the violation of the provisions of the canvassing ordinance of the town in that they did canvass without having first reported to and received a written permit as required by the ordinance. The group, or at least several of them, took an appeal to the Essex County Court of Common Pleas and that court seems to have found them guilty, and we have here now a writ of *certiorari* obtained by the defendant Clara Schneider.

Neither the evidence in the Recorder's Court nor the evidence in the Common Pleas Court is returned to us as such. We have, however, a stipulation that the defendant "did call from house to house in the town of Irvington and did show to the occupants of several houses therein  *  *  *  and did leave or offer to leave with said occupants certain books or booklets for which defendant solicited or accepted contributions in the form of money;" that said defendant "did not apply for or obtain a permit from the police department in conformance with the ordinance, because she conscientiously believed and maintained that to apply for such permit would be an act of disobedience to the command of Almighty God."

The ordinance in question prohibited such canvass and solicitation by calling from house to house without having first reported to and received a written permit from the chief of police, or the officer in charge at police headquarters.

The defendant says in her brief "we recognize that in a few cases involving Jehovah's Witnesses this court has upheld ordinances such as the one in question as being a reasonable exercise of the police power. We do not question such ruling;" but she nevertheless seems to contend (1) that the

ordinance unreasonably restricts and denies freedom of speech and freedom of the press; and (2) that the town did not show that the acts complained of were inimical to public welfare.

We think that these contentions are plainly without substance and that they have all been considered and decided and overruled in prior decisions, namely, *Dziatkiewicz* v. *Maplewood,* 115 *N. J. L.* 37; *Bergenfield* v. *Peterson,* 7 *N. J. Mis. R.* 1019; *Maplewood* v. *Albright,* 13 *Id.* 46; *Semansky* v. *Common Pleas,* 13 *Id.* 589. Those cases, amongst others that might be cited, are authority so far as this court is concerned.

It may be well to note in passing that there is nothing in the evidence produced before us to disclose that the defendant was engaged in the mere *distribution* of books or booklets in the furtherance of religious principles. There was something far different from that. As the trial judge seems to have found, she was engaged in canvassing and selling books and booklets from house to house without a permit at any hour of the day or night, and as the trial judge remarked, to the disturbance of the peace and quiet of citizens in their homes, and to their possible danger in having strangers, unknown to the police, going from house to house by day and night, a condition which the ordinance was designed to prevent, since it provided in effect that the permit when granted should be limited to daylight hours.

And here again attention is called to the fact that the defendant admitted that such ordinance was reasonable.

We, too, think that it was, and that upon the authority of the cases cited it did not unreasonably restrict or deny freedom of speech or freedom of the press, and that, there being no question here of prohibition, it was a reasonable police regulation having for its purpose a safeguard designed for the public welfare.

We find no support for the argument that the ordinance is not applicable to the defendant, or so applied is unconstitutional.

The writ will be dismissed, with costs.