STATE OF NEW JERSEY, RESPONDENT, v. OSCAR ORTIZ VALENTIN, APPELLANT.

Argued September 25, 1961—Decided November 6, 1961.

Mr. *William A. O'Brien,* Assistant Prosecutor, argued the cause for the respondent (Mr. *Lawrence A. Whipple,* Hudson County Prosecutor, attorney).

Mr. *Edward F. Farrell* argued the cause for the appellant.

PER CURIAM. Defendant, Oscar Valentin, was indicted on a charge of carrying a shotgun concealed in his automobile, without having obtained a permit to do so, in violation of *N. J. S.* 2A:151–41.

Prior to trial, Valentin moved in the County Court to suppress the evidence (the shotgun) on the ground that it was taken from his automobile by the police officers of the Town of Harrison without a search warrant, and as the result of an unreasonable search and seizure, in violation

of the *Fourth Amendment* of the *United States Constitution*
and of *Article I, paragraph 7*, of the *New Jersey Constitution*.
In support of the application, defendant presented to the
court a partial transcript of testimony given by the police
officers in the United States District Court in a criminal
proceeding there, arising out of possession of the shotgun
at the time in question. The County Prosecutor did not
submit any proof by affidavit or otherwise respecting the
circumstances surrounding the search and seizure. He fol-
lowed that course relying on the long-established rule in
New Jersey, the then latest example of which appeared in
*Eleuteri v. Richman*, 26 *N. J.* 506 (1958). The reliance
seemed justified because the trial court denied the motion
and the Appellate Division affirmed.

We granted leave to appeal and before argument the United
States Supreme Court handed down its decision in *Mapp v.
Ohio*, 367 *U. S.* 643, 81 *S. Ct.* 1684, 6 *L. Ed. 2d* 1081 (1961).
The opinion declared that the interrelationship of the *Fourth
Amendment* and the due process clause of the *Fourteenth
Amendment* of the *United States Constitution* guaranteeing
to individuals the right of privacy free from unreasonable
state intrusion, renders evidence obtained by unreasonable
search and seizure inadmissible in a state criminal prosecu-
tion based thereon. As the result of this new doctrine,
obviously, if the shotgun involved here was secured through
an unreasonable search and seizure, defendant's application
to bar its introduction as evidence against him is sound
and must be granted. But whether a particular search and
seizure are unreasonable depends upon the circumstances
under which the police officers acted. That problem cannot
be determined on the record now before us which the decision
in *Mapp* has rendered inadequate. Undoubtedly, if *Mapp*
had been decided prior to the motion in the County Court,
the Prosecutor would have presented whatever proof he may
have had as to the nature of the search and seizure. As
indicated at the inception of the argument of the case, we
do not believe that the Prosecutor should be penalized for

44

relying on what appeared to be the law of our State at the time. For that reason, the matter will be remanded to the County Court to permit both parties to introduce all relevant proof on the new issue generated by *Mapp*.

Reconsideration of the motion in the light of whatever proof is adduced, and the decision thereon, will represent breaking new ground in this State. Since the police officers had no search warrant, the basic question is: Was the search unreasonable under the circumstances? At present, New Jersey has no rule specifically regulating the practice in these cases, such as Rule 41 of the *Federal Rules of Criminal Procedure,* 18 *U. S. C. A.* Accordingly, it is important for our courts to study the Federal decisions with *Rule* 41 in mind, as well as the provisions of the constitutions of both sovereignties. But the extent to which the Federal cases, in the various District and Circuit Courts of Appeal, ought to be regarded as having established a path to be followed, is a matter for judgment and evolutionary experience. See "Search and Seizure—A No-Man's Land in the Criminal Law," 49 *Calif. L. Rev.* No. 3 (*Aug.* 1961); "Search and Seizure in the Supreme Court," 28 *U. Chi. L. Rev.* 664 (1961).

After decision on the remand, if either party pursues a further appeal, on the filing of notice of appeal in the Superior Court, an immediate application may be made to this court for certification.

*For remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.