80 N.J. Super. 176 (1963)
193 A.2d 270
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY J. KAISER AND SUSAN KAISER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1963.
Decided July 17, 1963.
*177 Before Judges GOLDMANN, FREUND and FOLEY.
*178 Mr. Irving I. Vogelman argued the cause for appellants (Mr. Jay R. Reuben, on the brief).
Mr. Guy W. Calissi, Bergen County Prosecutor, argued the cause for respondent.
The opinion of the court was delivered by FOLEY, J.A.D.
This is an appeal from an order of the Bergen County Court, Law Division, denying defendants' motions to vacate the judgments of conviction theretofore entered and for a new trial.
Defendants were arrested on July 14, 1960 as a result of a police raid conducted on their premises at 53 Forest Street, North Arlington. The search and ensuing seizure of evidence resulted from the execution of a search warrant obtained from the Superior Court, Law Division, on July 14, upon a verified application of Detective Robert W. Green. Respondent State concedes that the application "falls short of the standards recently enunciated by our Supreme Court."
Defendants were indicted by the Bergen County Grand Jury on four counts charging violations of N.J.S. 2A:98-1 and 2A:98-2 (conspiracy), 2A:130-3 (maintaining a nuisance), 2A:121-3 (permitting a lottery on the premises), and 2A:121-3(b) (knowing possession of papers pertaining to a lottery). The trial began on May 15, 1961 and ended with defendants' conviction on May 18. The facts in the case are reported in State v. Kaiser, 74 N.J. Super. 257 (App. Div. 1962). Mention is made of the raid and the warrant at pages 264-266, of 74 N.J. Super.
On June 19, 1961 the Supreme Court of the United States decided Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
On June 23 defendants were sentenced. In arguing an application for a stay of execution pending appeal, defendants' then counsel Abraham Slurzberg, Esq. raised the Mapp issue and indicated that he believed Mapp should be given retroactive application.
*179 Thereafter, defendants appealed to this court. On November 6, 1961 State v. Valentin, 36 N.J. 41 (1961), was decided. In that case, during a pre-Mapp prosecution for carrying a concealed weapon without a permit, defendant made a motion to suppress evidence on the grounds of illegal search and seizure. The motion was denied and the Appellate Division affirmed. The Supreme Court granted leave to appeal, and before argument Mapp, supra, was decided. The Supreme Court remanded the case so that evidence could be taken on the issue of the legality of the search and seizure.
Defendants' appeal was argued before this court on February 26, 1962. At that time they did not raise Mapp nor did they challenge the search, seizure, or the introduction of evidence at the trial. We affirmed the convictions on May 14, 1962. State v. Kaiser, supra.
On June 4, 1962 our Supreme Court in State v. Smith, 37 N.J. 481, 488-489 (1962), held, inter alia, that Mapp, supra, had retroactive effect on searches antedating it, and that the court would decide the Mapp issue on direct appeal from a pre-Mapp conviction in cases in which the record suggested a basis for questioning the reasonableness of the search.
On June 25, 1962 defendants filed a petition for certification with the Supreme Court. Again they did not challenge the search and seizure or the admission into evidence of the fruits thereof. The Supreme Court denied certification. 38 N.J. 310 (1962).
Defendants then moved for an order vacating the judgments of conviction, and for a new trial based on the illegal seizure of the "proofs upon which the conviction was based," and the insufficiency of the application upon which the search warrant was issued. The motion was denied and defendants appeal.
R.R. 3:7-11(a) provides:
"The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based *180 on the ground of newly discovered evidence may be made at any time, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 10 days after verdict or finding of guilty, or within such further time as the court may fix during the 10-day period."
Since the motion under consideration was not made by defendants within ten days of the finding of guilty, and since there has been no remand to the trial court, defendants must rely on "newly discovered evidence" for application of this rule. But a change in the law by judicial decision subsequent to trial does not constitute newly discovered evidence  in fact, the judicial decision is not "evidence" at all. Cf. Miller v. McCutcheon, 117 N.J. Eq. 123, 129, 95 A.L.R. 702 (E. & A. 1934), Lockwood v. Walsh, 137 N.J. Eq. 445, 451-452 (Prerog. 1946). Compare also Yonadi v. Homestead Country Homes, Inc., 42 N.J. Super. 521, 528-529 (App. Div. 1956), where the question was presented but not decided.
No doubt the problem presented is best considered as an attempt to seek the court's aid under R.R. 3:11-9, which provides:
"If no procedure is specifically prescribed, the courts exercising criminal jurisdiction may proceed in any lawful manner not inconsistent with the Constitution, these rules or with any applicable statute."
Thus, precise rule or express provision being absent, relief will not be prevented where constitutional rights have been violated. Cf. Janiec v. McCorkle, 52 N.J. Super. 1, 19-20 (App. Div. 1958).
It is doubtful that a writ of habeas corpus would have afforded defendants a procedural channel to attack their convictions. Habeas corpus is a remedy based on the limited ground that the trial court lacked jurisdiction and the conviction was therefore void. State v. Cynkowski, 10 N.J. 571, 576 (1952). It is true that Cynkowski, in an effort to accommodate common law remedies to the correction of instances *181 of "fundamental unfairness" violative of due process, has extended habeas corpus relief to embrace the concept of jurisdictional deficiency, where a defendant was not afforded opportunity for a fair trial, or his plea was entered under circumstances which rendered its acceptance "fundamentally unfair and shocking to a sense of justice." 10 N.J., at p. 576. Yet, our courts have continued to view jurisdiction in its traditional sense. If a conviction is jurisdictionally baseless whether because of a violation of fundamental fairness under the due process clause, or for some other reason, defendant is still entitled to release. For a full discussion of the existing and proposed post-conviction remedies in New Jersey, see Report of Supreme Court Committee on Post-Conviction Rights of Indigents, 85 N.J.L.J. 557 (1962).
The main argument of the State places the issue in a broader context. The State maintains that a pre-Mapp conviction involving the introduction of illegally seized evidence may not be attacked collaterally no matter what procedure is used. The State's position is supported by recent decisions in foreign jurisdictions. Thus, in Petition of Dirring, 183 N.E.2d 300, 301 (1962) (where petitioner had been convicted pre-Mapp (1959)) the Supreme Judicial Court of Massachusetts held proper a denial of habeas corpus on the ground that the issue of illegal search was not brought before the court "by an appropriate appellate procedure * * * following the trial of the indictments."
In Commonwealth ex rel. Stoner v. Myers, 199 Pa. Super. 341, 185 A.2d 806 (Super. Ct. 1962), the Pennsylvania court, while indicating that there was no illegal search and seizure, and that Mapp was prospective in operation, went on to say that "convictions which have been unappealed and have become final should not ordinarily be subject to collateral attack by habeas corpus on the ground that evidence alleged to have been illegally received was used at the trial." Id., at p. 808.
Persuasive reasoning rejecting a collateral attack is set forth in the concurring opinion of Justice Traynor in In re Harris, *182 56 Cal.2d 879, 16 Cal. Rptr. 889, 366 P.2d 305 (Sup. Ct. 1961). After recognizing that Mapp elevated the right to exclusion of illegally seized evidence to constitutional eminence, Judge Traynor said at p. 892 of 16 Cal. Rptr., at p. 308 of 366 P.2d:
"If the violation of a petitioner's constitutional rights by the use of illegally seized evidence had any bearing on the issue of his guilt, there should be no doubt that habeas corpus would be available. Unlike the denial of the right to counsel, the knowing use of perjured testimony or suppression of evidence, the use of an involuntary confession, or * * * the denial of an opportunity to present a defense, the use of illegally seized evidence carries with it no risk of convicting an innocent person. The purpose of the exclusionary rule is not to prevent the conviction of the innocent, but to deter unconstitutional methods of law enforcement."
Compare State v. Smith, supra, where our Supreme Court stated:
"We are not dealing with a denial of a right which bears upon the truth of a conviction, as for example, the right to counsel or to appellate review. * * * Rather the subject is evidence, the probative force of which is constant whether it is seized with or without warrant. * * * In short, the fairness of the trial itself and the truth of the verdict are not involved. The constitutional injury lies elsewhere." 37 N.J., at pp. 484-485.
Of course California decisions are not entirely apposite since California enforced the exclusionary rule prior to Mapp. Therefore, a person aggrieved had the opportunity to raise illegal search and seizure by direct attack at his trial. See, for example, People v. Simon, 45 Cal.2d 645, 290 P.2d 531 (Sup. Ct. 1955).
Recently the Fourth Circuit Court of Appeals held that a federal writ of habeas corpus would issue where illegally seized evidence was used in a trial resulting in petitioner's state conviction for murder. The conviction was affirmed prior to Mapp by the state's highest court. Certiorari had been denied by the Supreme Court, 368 U.S. 867, 82 S.Ct. 78, 7 L.Ed.2d 65, subsequent to Mapp, where defendant neither objected to the introduction of the illegally seized evidence at trial nor *183 questioned its admissibility in state court appeals. Hall v. Warden, Maryland Penitentiary, 313 F.2d 483 (4 Cir. 1963).
However, in Gaitan v. United States, 295 F.2d 277 (10 Cir. 1961), cert. denied 369 U.S. 857, 82 S.Ct. 939, 8 L.Ed.2d 15 (1962), evidence illegally seized by state authorities was the basis of defendant's conviction of a federal offense prior to both Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) (holding that evidence seized illegally by state authorities must be excluded in a federal criminal trial), and Mapp. A motion to suppress the evidence was denied, and appeals had been taken unsuccessfully prior to Elkins and Mapp. After Elkins and Mapp were decided, defendants moved to vacate the sentence. The Tenth Circuit Court of Appeals held that denial of the motion was proper on the grounds of res judicata, since the issue had been raised and decided at the original proceedings.
State v. Smith, supra, 37 N.J., at pp. 483-489, while not setting the outer limits of retrospectivity, did hold that Mapp applied to illegal searches antedating Mapp. While not deciding whether collateral attack would be allowed, Smith also indicated that failure to object at a pre-Mapp trial did not constitute waiver.
We believe that a collateral attack should not be allowed here for the reasons given by Judge Traynor in In re Harris, supra.
Even were we to assume that collateral attacks may be had on pre-Mapp searches where the trial and appellate proceedings were completed prior to Mapp, on the grounds that the defendant and his counsel could not know their objections would succeed, must we allow a collateral attack to appellants, where the conviction preceded, but the appellate proceedings postdated Mapp? In Mapp itself, Justice Clark speaking for the majority, stated:
"As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected." 367 U.S. 659, fn. 9, 81 S.Ct. 1693 *184 It is well settled in New Jersey that collateral attack is not designed to serve the office of an appeal. See In re Robilotto, 24 N.J. Super. 209, 211-212 (App. Div. 1953).
In federal courts illegal search and seizure involved in federal convictions where, of course, the right and remedy of exclusion was available at the trial and was known or should have been known by defendant's counsel, have not been subject to collateral attack. See Jones v. Attorney General of the United States, 278 F.2d 699, 701 (8 Cir. 1960).
It is true that in the present case defendants could not have known of Mapp at the trial. But Mapp was decided prior to appeal and we have proof certain that defendants' counsel knew of its existence at the time the appeal was taken. State v. Valentin, supra, applied Mapp to a pre-Mapp search. This decision was also in existence prior to the appeal. Finally, State v. Smith, supra, was decided prior to defendants' petition for certification to the Supreme Court. Yet, the issue was not raised. Defendants had ample opportunity to attack their conviction directly. They did not do so, and they will not be permitted now to attack it collaterally.
Affirm.