84 N.J. Super. 30 (1964)
200 A.2d 799
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PAUL MICHAEL McNULTY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1964.
Decided May 27, 1964.
*31 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Harry Green (assigned counsel) argued the cause for appellant.
Mr. Thomas L. Yaccarino, Monmouth County Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant was convicted in 1960 on an indictment charging breaking and entering and larceny. On June 10, 1960 he was sentenced by a judge of the Monmouth County Court to 2-3 years imprisonment on the count for breaking and entering and given a suspended sentence on the larceny count. On October 25, 1960 the sentence was amended so as to run concurrently with a "present parole sentence." No direct appeal was ever filed from these convictions.
Thereafter, beginning in March 1962, defendant instituted several post-conviction applications in the Monmouth County Court which culminated in a "habeas corpus" proceeding heard by Judge Simmill on August 24, 1962. Defendant was represented therein by attorney Richard O. Venino, who was assigned by the court. Mr. Venino is an experienced and reputable member of the bar. The only issue raised by defendant and argued on his behalf at the time was whether he was required to serve out a previous sentence with respect to which parole had been revoked in addition to the sentence imposed for the current conviction before being entitled to release. Judge Simmill denied the application, and we have no present concern with the correctness of that ruling as it is not raised on this appeal.
*32 The issue before us now is whether defendant had the right, on appeal from the post-conviction determination of Judge Simmill, to raise for the first time a question as to the alleged violation of the Fourth Amendment at his 1960 trial by the introduction in evidence against him of a weapon and certain coins found in a search of an automobile at the time of defendant's apprehension. The issue was not raised at the trial, and it would have been futile for defendant to have done so in view of Eleuteri v. Richman, 26 N.J. 506 (1958).
At the outset it must be observed that the defendant is not correct in contending that the instant appeal is from the original conviction rather than from the dismissal of the post-conviction application. The pro se "application" for leave to appeal in forma pauperis was filed October 17, 1962. Time for appeal from the 1960 conviction had long since expired. R.R. 1:3-1(a). If viewed as an appeal from the conviction, the present proceedings would therefore have to be dismissed as beyond the jurisdiction of the court. Jurisdiction exists only to the extent that this appeal is regarded as having been taken from the denial of the post-conviction application and that our order granting leave to appeal in forma pauperis is to be taken as entered on that premise. (Actually, no order was entered on Judge Simmill's determination until January 9, 1963, when we directed that step be taken to complete the supporting record on this appeal.)
In the light of the foregoing, this appeal might be dismissed as based on grounds not urged at trial level. However, without intending to set any precedent, we will eschew such a course in view of the question of public policy involved here in the issue of post-conviction relief for a pre-Mapp (Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)) violation of the Fourth Amendment and the fact that the search and seizure issue was briefed and argued on the appeal.
Defendant's present effort to invalidate his conviction on search and seizure grounds is, of course, based upon Mapp v. Ohio, supra, which was decided June 19, 1961. It has been held that Mapp has retroactive effect insofar as the question *33 of illegality of search and seizure is raised in a direct appeal from a pre-Mapp conviction in a case whose record suggests a basis for questioning the validity of the search. State v. Smith, 37 N.J. 481, 488-489 (1962). It has not been held in this State, however, that a defendant who was convicted prior to Mapp and took no direct appeal at all, may nevertheless challenge the validity of his conviction on illegal search grounds by means of a post-conviction proceeding. Upon a review of the authorities up to that time this court concluded in State v. Kaiser, 80 N.J. Super. 176, 183 (App. Div. 1963), that "a collateral attack should not be allowed," the procedural approach there having been by a motion for a new trial after determination of a post-Mapp appeal of a pre-Mapp conviction in which appeal the search issue was not raised notwithstanding the appeal was argued eight months after Mapp. In Kaiser, supra, we were impressed with the reasoning of the concurring opinion of Justice Traynor in In re Harris, 56 Cal.2d 879, 16 Cal. Rptr. 889, 366 P.2d 305, 308 (Sup. Ct. 1961), that the pre-Mapp use of illegally obtained evidence did not bear upon the issue of defendant's guilt or the fairness of his trial and that the exclusionary rule required by Mapp is designed to deter unconstitutional methods of law-enforcement. And see State v. Smith, supra (37 N.J., at pp. 484-485).
Most of the decisions since State v. Kaiser, supra, are in accord with the view that after a pre-Mapp conviction has become final, including exhaustion of any direct appeal which may have been taken, it may not be attacked by a post-conviction proceeding based for the first time upon the asserted illegality of a search and seizure of evidence adduced at the trial. Commonwealth v. ex rel. Wilson Rundle, 412 Pa. 109, 194 A.2d 143 (Sup. Ct. 1963); Villasino v. Maxwell, 174 Ohio St. 483, 190 N.E.2d 265 (Sup. Ct. 1963); Moore v. State, 41 Ala. App. 657, 146 So.2d 734 (Ct. App. 1962); United States ex rel. Linkletter v. Walker, 323 F.2d 11 (5 Cir. 1963), certiorari denied 370 U.S. 928, 82 S.Ct. 1570, 8 L.Ed.2d 507 (1963); United States ex rel. McCrea v. *34 LaVallee, 219 F. Supp. 917 (N.D.N.Y. 1963); People of the State of New York v. Fay, 207 F. Supp. 595 (S.D.N.Y. 1962); United States ex rel. Emenick v. Denno, 220 F. Supp. 890 (S.D.N.Y. 1963). See also People v. Muller, 11 N.Y.2d 154, 227 N.Y.S.2d 421, 182 N.E.2d 99 (Ct. App. 1962). A contrary position has been taken in Hall v. Warden, Maryland Penitentiary, 313 F.2d 483 (4 Cir. 1963), certiorari denied sub. nom. Peppersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032 (1963); People of State of California v. Hurst, 325 F.2d 891 (9 Cir. 1963); United States v. Fay, 225 F. Supp. 677 (S.D.N.Y. 1963).
Upon consideration of the foregoing authorities we see no reason to depart from the position we took in State v. Kaiser, supra. See Bender, "The Retroactive Effect of an Overruling Constitutional Decision: Mapp v. Ohio," 110 Pa. L. Rev. 650 (1962). Thus, even were we with the broadest liberality to accept defendant's appeal as the equivalent of a first-instance post-conviction effort to invalidate the conviction as infected by the use of the product of an illegal search, it would have to fail. In fact, however, our action here is fortified by the circumstance that as late as 14 months after Mapp the defendant was litigating his sentence on conviction in post-conviction proceedings before the Monmouth County Court wherein he failed to raise the question of illegal search at all.
Judgment affirmed.