# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4628-15T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.S.,

     Defendant-Appellant.

_____

Submitted October 17, 2018 – Decided November 2, 2018

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 03-04-0541.

C.S., appellant pro se.

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Jennifer M. Eugene, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant C.S. appeals from an order denying his motion for a new trial and to overturn a purported illegal conviction and sentence. We affirm.

In 2003, defendant was charged with sexual assault and endangering the welfare of a child based on his then seven-year-old daughter's claim he vaginally and anally penetrated her with his penis over a multi-year period. The trial evidence included the testimony of Laura Tramontin, a New Jersey State Police forensic scientist who was qualified as an expert in biological stain analysis. In pertinent part, Tramontin testified she performed a "Kastle-Meyer" or "KM" test on vaginal and anal swabs taken from the victim. She explained the testing process and stated the results showed a "positive presumptive" indication of blood in each swab.[1] Tramontin also tested the swabs for spermatozoa, did not find any, and could not attribute the presumptive positive tests showing blood to injury, infection or any other particular cause.

In January 2004, a jury convicted defendant of two counts of second-degree attempted aggravated sexual assault, N.J.S.A. 2C:14-2(a) and N.J.S.A. 2C:5-1 (counts one and three), first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (count two), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4 (count four). The court sentenced defendant to an aggregate twenty-two-year custodial term subject to the No Early Release Act (N.E.R.A),

---

[1] Tramontin also testified a swab taken from "an external genital specimen" tested negative for the presence of blood.

N.J.S.A. 2C:43-7.2, compliance with Megan's Law, N.J.S.A. 2C:7-1 to -19 (2004),[2] and the special sentence of community supervision for life, N.J.S.A. 2C:43-6.4 (2003).[3]       .

On direct appeal, we affirmed defendant's convictions, vacated the N.E.R.A. requirements imposed on counts two and three, and remanded for resentencing in accordance with the Supreme Court's then recent decision in State v. Natale, 184 N.J. 458 (2005).[4]   State v. C.S. (C.S. I), No. A-7129-03 (App. Div. Oct. 27, 2006) (slip op. at 13).  We also rejected defendant's argument that the trial court erred by allowing Tramontin's testimony concerning "flawed

---

[2]  Megan's law was amended in 2007, L. 2007, c. 227, and in 2009, L. 2009, c. 139, §§ 1 and 2, and is now codified at N.J.S.A. 2C:7-1 to -23.

[3]  When defendant committed the offenses, N.J.S.A. 2C:43-6.4 provided for imposition of the special sentence of community supervision for life for defendant's conviction of offenses enumerated in subsection (a) of the statute. N.J.S.A. 2C:43-6.4 was amended, effective on January 1, 2004, and thereafter required imposition of the special sentence of parole supervision for life for defendants convicted of the offenses enumerated in subsection (a). L. 2003, c. 267, § 1.

[4]  Defendant was resentenced on count two to a sixteen-year custodial term with an eight-year period of parole ineligibility.  The court imposed a consecutive six-year custodial term on count one subject to the requirements of N.E.R.A. The court further imposed seven-year custodial terms on counts three and four to be served concurrent to the sentence imposed on count two.  The court also sentenced defendant to compliance with Megan's Law and the special sentence of community supervision for life.

test results" that were "based on erred data that did not [coincide] with the actual test results themselves," id. at 4, finding the argument was without sufficient merit to warrant discussion in a written opinion, id. at 10. See also R. 2:11-3(e)(2). The Supreme Court denied defendant's petition for certification. State v. C.S., 189 N.J. 429 (2007).

Defendant filed a post-conviction relief (PCR) petition, reprising his argument that the trial court erred by admitting Tramontin's testimony concerning the presumptive KM blood tests. The court denied the petition, and defendant appealed, arguing the PCR court erred by rejecting his challenge to the admission of Tramontin's testimony. Unpersuaded, we again determined the argument lacked sufficient merit to warrant discussion in a written opinion. State v. C.S. (C.S. II), No. A-1012-10 (App. Div. June 14, 2012) (slip op. at 7); see also R. 2:11-3(e)(2). The Supreme Court denied defendant's petition for certification. State v. C.S., 212 N.J. 431 (2012).

In 2013, defendant filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the District of New Jersey, alleging in part his trial counsel was ineffective by failing to challenge Tramontin's testimony concerning the presumptive blood test, and the trial court erred by allowing the testimony without a showing the KM test was scientifically

reliable. Defendant argued the court should consider our decision in State v. Pittman, where we reversed a conviction because testimony about a KM test of blood found on the defendant's clothing did not address the test's scientific reliability, left the jury "with the clear impression that the test was conclusive, not presumptive," and "substantially undercut the weight of defendant's testimony" denying involvement in the crimes. 419 N.J. Super. 584, 594-95 (App. Div. 2011).

The District Court rejected as "meritless" defendant's claim that our decision in Pittman constituted "'new' case law that could not have been considered by the state courts that reviewed his case." Slaughter v. Santiago (Slaughter I), No. 13-2383 (D.N.J. Nov. 30, 2015) (slip op. at 3). The District Court found that because Pittman was decided on May 13, 2011, it could have been considered on defendant's appeal of the denial of his PCR petition because we did not affirm the denial until June 14, 2012, and the Supreme Court did not deny defendant's petition for certification until October 25, 2012. Id. at 3-4. The court determined that any failure of this court or the Supreme Court to address Pittman "falls squarely on [defendant's] shoulders" because he could

A-4628-15T2

have relied on the decision "but he did not do so." Id. at 4. The court denied defendant's petition.[5] Id. at 6.

The Third Circuit Court of Appeals affirmed the denial of defendant's habeas petition. Slaughter v. Administrator, Adult Diagnostic and Treatment Center (Slaughter II), No. 15-4040 (3d Cir. April 14, 2016) (slip op. at 1-2). The court rejected defendant's reliance upon Pittman and in part found that, "given the strength of the evidence" introduced against defendant at trial, "he cannot show that he was prejudiced by counsel's alleged failures in challenging the medical evidence."[6] Id. at 2.

In December 2015, while his appeal was pending in the Court of Appeals, defendant filed a motion in the Law Division for a new trial under Rule 3:20-2, asserting he was entitled to relief based on "newly discovered evidence" in the form of our decision in Pittman. He argued his conviction was based on Tramontin's "false and misleading testimony" and "improperly tested and unconfirmed scientific evidence." In a supplemental March 15, 2016 letter to

---

[5] The court also denied the petition because defendant failed to raise the Pittman issue in his initial petition filed with the District Court. Id. at 4-6.

[6] The court subsequently denied defendant's petition for a rehearing en banc. Slaughter v. Administrator, Adult Diagnostic and Treatment Center, No. 15-4040 (3d Cir. May 23, 2016) (slip op. at 1).

A-4628-15T2

the court, he also asserted his N.E.R.A. sentence on count one is illegal and his special sentence of community supervision for life violates the prohibition against double jeopardy. The court denied defendant's motion in an April 5, 2016 letter opinion and order.

Defendant appealed and makes the following arguments:

POINT 1

THE TRIAL COURT STATED THAT IT MADE ITS DECISION BASED UPON [THE] RECORD AND DECISION OF THE NEW JERSEY APPELLATE COURT. THE APPELLANT STATES THAT DURING ITS PROCEDURAL PROCESS WHEN DECIDING THE APPELLANT'S CASE, THE APPELLATE COURT AT THAT TIME DID NOT HAVE [THE] BENEFIT OF STATE[] V. PITTMAN, 419 N.J. SUPER. 584; 18 A.3D 203 (DECIDED MAY 13, 2011) AS IT DID NOT EXIST DURING THE DIRECT APPEAL OR INITIAL POST CONVICTION RELIEF (PCR) PROCESS BEFORE THE TRIAL COURT.

POINT 2

UNDER THE RULES OF COURT PROCEDURE, RULE 3:20-2 TIME FOR MAKING MOTION, STATE[] V. PITTMAN, 419 N.J. SUPER. 584; 18 A.3D 203 (DECIDED MAY 13, 2011) MUST BE SEEN, UNDERSTOOD AND RECOGNIZED AS NEW[LY] DISCOVERED CASE LAW AND EVIDENCE THAT WAS NOT AVAILABLE TO THE APPELLANT WHEN HE WAS APPEALING HIS CONVICTION AND PROCLAIMING HIS

INNOCENCE IN AND AT THE STATE COURT DIRECT AND PCR APPEAL LEVELS.

POINT 3

IN STATE[] V. PITTMAN, 419 N.J. SUPER. 584; 18 A.3D 203 (DECIDED MAY 13, 2011), THE ISSUES OF SCIENTIFIC TESTING AND TESTIMONY WERE VERY MUCH SIMILAR TO THOSE RAISED IN THE APPEALS OF THE APPELLANT, YET THEY WERE IGNORED BY THE NEW JERSEY COURTS AND FOUND TO BE WITHOUT MERIT.

POINT 4

THE NEW JERSEY STATE COURTS IN STATE[] V. PITTMAN, 419 N.J. SUPER. 584; 18 A.3D 203 (DECIDED MAY 13, 2011) OPENLY ADMITTED THAT PRIOR TO PITTMAN IT HAD NO CASE LAW ON THE ISSUE "THE STATE ADMITS THAT []NEW JERSEY CASE LAW IS SILENT AS TO THE RELIABILITY OF THE PHENOLPHTHALEIN TEST (KM TEST) FOR THE PRESENCE OF BLOOD." THE TRIAL COURT HAD AN OBLIGATION TO REVIEW AND ENSURE THAT STATE AND FEDERAL CONSTITUTIONAL RIGHTS OF THE APPELLANT [WERE] NOT VIOLATED AND THIS COULD ONLY BE ACCOMPLISHED BY HOLDING AN EVIDENTIARY HEARING ON THE MATTER OF STATE V. PITTMAN.

PART 5

THERE IS NO CASE LAW SHOWING THAT THE PHENOLPHTHALEIN TEST FOR THE PRESENCE OF BLOOD MEETS THE STANDARDS SET FORTH IN *UNITED STATES V. FRYE*, 293 F. 1013 (D.C. CIR. 1923). THE STATE'S EXPERT WITNESS

8

KNOWINGLY MADE FALSE AND MISLEADING STATEMENTS AS TO THE ACCURACY OF THE PHENOLPHTHALEIN TEST FOR THE PRESENCE OF BLOOD AND NEVER MENTIONED OR GAVE REFERENCE TO THE FACT THAT FALSE POSITIVES OCCUR OR WHAT SUBSTANCES COULD CAUSE FALSE POSITIVE READINGS. THIS ISSUE WAS ALSO RAISED DURING THE APPEAL PROCESS.[] ["]Q. OKAY, AND THE BROWN STAIN, IS THAT FECAL MATERIAL OR IS THAT ALSO HAVING TO DO WITH BLOOD? A. AGAIN, THERE COULD BE FECAL MATERIAL IN THERE, BUT I FOUND A POSITIVE PRESUMPTIVE FOR BLOOD, *SO THERE IS BLOOD THERE."* (EMPHASIS ADDED) (SEE 5T PG. 122 LINES 2 T0 6), *"Q. MISS TRAMONTIN, IN A CASE LIKE THIS WHERE BLOOD IS FOUND, DO YOU DO ANY FURTHER TESTING ON THE BLOOD? A. IN A CASE LIKE THIS, THERE IS NO NEED FOR ANY FURTHER TESTING OF THE BLOOD, CORRECT.* Q. WHY NOT? A. BECAUSE IT'S PRESUMEDD THAT *THE BLOOD* WAS FROM THE VICTIM." (EMPHASIS ADDED)[.] THERE IS NO CONSIDERATION OF THIRD PARTY CONTAMINATION OR OF A FALSE POSITIVE AS FINALLY STATED IN PITTMAN.

POINT 6

THE FACT THAT THE ALLEGED POSITIVE [PRESENCE] OF BLOOD FROM THE PHENOLPHTHALEIN TEST WAS IN DIRECT CONFLICT WITH THE MEDICAL REPORT ENTERED INTO EVIDENCE BY THE STATE'S PROSECUTOR AT THE APPELLANT'S TRIAL SHOWS A CONFLICT IN THE STATE'S CASE. THE MEDICAL REPORT STATED NO BLOOD PRESENT, FURTHER NO WITNESS WAS

INTRODUCED BY THE STATE THAT COULD STATE WHERE THE ALLEGED BLOOD CAME FROM.

POINT 7

The Imposition OF [N.J.S.A.] 2C:43-7.2 (N.E.R.A.) Rendered Defendant's Sentence Illegal[.]

POINT 8

COMMUNITY SUPERVISION FOR LIFE IS PUNITIVE IN NATURE AND THUS IS CONSIDERED A SECOND SENTENCE WHICH VIOLATES THE PETITIONER'S RIGHTS UNDER THE UNITED STATES AND NEW JERSEY CONSTITUTIONS, NEW JERSEY CIVIL RIGHTS LAW AND NEW JERSEY [STATE] LAW AGAINST DISCRIMINATION FOR THOSE WITH DIAGNOSED MENTAL, PSYCHOLOGICAL OR PSYCHIATRIC DISABILITIES.

POINT 9

[N.J.S.A.] 2C:14-2a IS UNCONSTITUTIONAL IN ITS FORMER AND PRESENT FORM BECAUSE, IT IS BIAS, DISCRIMINATES AND DOES NOT ALLOW A DEFENDANT TO PUT FORTH A REASONABLE DEFENSE WITHOUT VIOLATING HIS OR HER 5TH AMENDMENT RIGHTS AGAINST SELF[-]INCRIMINATION, FURTHER IT CREATES BIAS AND DISCRIMINATION BETWEEN ALLEGED VICTIMS BECAUSE UNDER THE LAW IT AUTOMATICALLY CREATES TWO DIFFERENT TIERS OF VICTIMS AND SENTENCES, DUE TO THE AGE OF THE ALLEGED VICTIM (I.E. THOSE UNDER THE AGE OF THIRTEEN YEARS OF AGE AND THOSE

ALLEGED VICTIMS WHO ARE THIRTEEN YEARS OF AGE AND ABOVE) IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT.

POINT 10

[N.J.S.A.] 2C:14-2a IS UNCONSTITUTIONAL IN ITS FORMER AND PRESENT FORM, BECAUSE, IT HAS TWO SEPARATE AND DISTINCTLY DIFFERENT MEANINGS FOR WHAT PENETRATION IS STATED TO BE AND MEAN IN A SEXUAL ASSAULT, I.E. THE ANAL MEANING IS DIRECT AND CONCISE IN HOW IT DEFINES WHAT PENETRATION IS STATED TO BE AND THE MEANING FOR WHAT CONSTITUTES VAGINAL PENETRATION IS VAGUE AND AMBIGUOUS.

POINT 11

[N.J.S.A.] 2C:5-1/2C:14-2a IS A LESSER INCLUDED OFFENSE OF [N.J.S.A.] 2C:14-2a(1) AND SHOULD HAVE BEEN MERGED WITH [THE GREATER] OF THE TWO OFFENSES, INSTEAD OF BECOMING A SEPARATE CONSECUTIVE SENTENCE THUS RENDERING THE DEFENDANT'S SENTENCE ILLEGAL AND VIOLATING HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS UNDER 1ST, 4TH, 5TH, 6TH, 8TH AND 14TH AMENDMENTS AND ARTICLE 1§1, 7, 10, 11, 12, 14 AND 18 OF THE NEW JERSEY CONSTITUTION[.]

We first consider defendant's contention he is entitled to a new trial based on purported newly discovered evidence.  More particularly, he contends he is entitled to a new trial based on our decision in Pittman.  He argues Tramontin's

11

testimony did not establish the scientific validity of the KM test results under our holding in Pittman and, as a result, his conviction rests on Tramontin's unreliable and inadmissible tests and testimony.

To obtain a new trial based on "newly discovered evidence," a defendant must show that the new evidence is '(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.'" State v. Smith, 224 N.J. 36, 49 (2016) (quoting State v. Nash, 212 N.J. at 518, 549 (2013)). Defendant argues our decision in Pittman constitutes "newly discovered evidence," but "a change in the law by judicial decision subsequent to trial does not constitute newly discovered evidence-in fact, the judicial decision is not 'evidence' at all." State v. Kaiser, 80 N.J. Super. 176, 180 (App. Div. 1963). The decision merely sets forth our determination there was insufficient evidence supporting admission of the KM tests based on the applicable legal principles and the evidence and circumstances presented in that case. Pittman, 419 N.J. Super. at 592-93.

Moreover, our decision in Pittman was founded on "principles of law governing admissibility of scientific test results in criminal trials" that were well

established prior to defendant's 2004 trial, id. at 592, and which were discoverable by reasonable diligence before his trial, see State v. Ways, 180 N.J. 171, 192 (2004) (finding newly discovered evidence permitting the grant of a new trial "must not have been discoverable earlier through the exercise of reasonable diligence"). In Pittman, we summarized those controlling principles by citation to only pre-1998 case law. 419 N.J. Super. at 592. Thus, the principles supporting our conclusion the KM tests results were not admissible in Pittman were available to defendant when his case was tried in 2004, during the direct appeals of his conviction and denial of his PCR petition, and while his habeas petition was litigated. In fact, defendant relied on those principles to challenge the court's admission of Tramontin's testimony on his direct appeals, and we found defendant's challenges to be without merit sufficient to warrant discussion in a written opinion. C.S. I, slip op. at 10; C.S. II, slip op. at 7.

Even assuming our decision in Pittman constituted "newly discovered evidence," defendant's claim is unavailing because he has not demonstrated that barring Tramontin's testimony "'would probably change the jury's verdict if a new trial were granted.'" Smith, 224 N.J. at 49 (2016) (citations omitted). Based on our review of the record, we are convinced that had Tramontin's testimony been barred as defendant contends it should have been, there is no probability

13

the jury's verdict would have changed. The evidence against defendant was overwhelming, and Tramontin's testimony was of little consequence because, although she explained the KM test presumptively showed blood in the vaginal and anal swabs, she acknowledged its presence could result from causes other than a sexual assault. As the Court of Appeals found when it affirmed the denial of defendant's habeas petition, he cannot demonstrate prejudice resulting from Tramontin's testimony because of the strength of the other trial evidence against him. Slaughter II, slip op. at 2.

In sum, defendant offers no evidence satisfying the standard for a new trial based on newly discovered evidence, see Smith, 224 N.J. at 49, and provides nothing more than a reprisal of arguments that were rejected on his direct appeals and by the federal courts on his habeas petition. The arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Defendant also asserts the N.E.R.A. requirements of his sentence and his special sentence of community supervision for life are illegal. We have considered the contention, and it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4628-15T2