# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2815-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PETER SANTIAGO,

    Defendant-Appellant.

_____

Submitted March 22, 2021 – Decided June 10, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-05-1916.

Peter Santiago, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the February 13, 2020 Law Division order denying his motion for a new trial. He was tried and convicted in 1993 for first-degree kidnapping, two counts of first-degree aggravated sexual assault, and one count of third-degree aggravated criminal sexual contact. We affirmed his conviction and sentence on direct appeal in 1996 and the Supreme Court denied certification. State v. Santiago, 146 N.J. 567 (1996). Defendant has since filed five unsuccessful petitions for post-conviction relief (PCR). In each instance, we affirmed the denial of PCR and the Supreme Court denied certification.

Defendant raises the following issue for our consideration:

POINT I

THE COURT ERRED AND ABUSED ITS DISCRETION IN SUMMARILY DENYING DEFENDANT'S MOTION FOR A NEW TRIAL.

In a reply brief, defendant raises the following issue for our consideration:

POINT I

THE STATE MISREPRESENTS THE FACTS TO ASSERT DEFENDANT'S MOTION WAS PROPERLY DENIED AND IS BASELESS.

Defendant's latest argument, raised as a motion for a new trial rather than a PCR petition, lacks sufficient merit to warrant extensive discussion. See R. 2:11-

2

3(e)(2). We affirm for the reasons set forth in Judge Mayra V. Tarantino's concise written opinion. We add the following comments.

The test for granting a new trial based on newly-discovered evidence is stringent. State v. Carter, 85 N.J. 300, 314 (1981). The Court in Carter stressed,

> This Court has stated repeatedly that to qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted. All three tests must be met before the evidence can be said to justify a new trial.
>
> [Ibid. (internal citations omitted)].

In this instance, defendant asserts he is entitled to a new trial because the Supreme Court's decision in State v. Thomas, 187 N.J. 119 (2006), constitutes newly discovered evidence. As Judge Tarantino correctly noted, a judicial decision rendered more than a decade following defendant's trial conviction does not constitute newly-discovered evidence. See State v. Kaiser, 80 N.J. Super. 176, 180 (App. Div. 1963) ("[A] change in the law by judicial decision subsequent to trial does not constitute newly-discovered evidence—in fact, the judicial decision is not 'evidence' at all.").

3

Defendant was indicted for the crime of first-degree aggravated sexual assault. Defendant now argues the trial judge should not have instructed the jury on the lesser-included offense of second-degree sexual assault. Our Supreme Court's analysis and holding in Thomas simply does not support defendant's argument. In that case, the defendant claimed that the trial judge erred by not instructing the jury on a lesser-included charge that neither party requested. Thomas, 187 N.J. at 123. The Court ruled that the trial judge was not obligated to sua sponte instruct the jury on the lesser-included charge. Id. at 132–36. Contrary to defendant's claim, Thomas does not stand for the proposition that it is error for a court to instruct the jury on a lesser-included offense when there is a rational basis for that instruction.

As the Supreme Court emphasized in State v. Garron, which Thomas cited with approval,

> No defendant should be convicted of a greater crime or acquitted merely because the jury was precluded from considering a lesser offense that is clearly indicated in the record. In view of this ruling, parties, generally, should not be "surprised" by a court instructing a jury on such a lesser-included offense. Moreover, we cannot foresee specific circumstances that will make defending against a lesser-included offense more unfair or burdensome than defending only against the greater offense, even in those cases in which the defense is alibi or a general denial, "I did not do it."

A-2815-19

[177 N.J. 147, 180 (2003)].

We add that defendant has failed to show how he was in any way prejudiced by the trial court's decision to instruct the jury on the second-degree type of sexual assault. As noted, the jury found defendant guilty of two counts of <u>first</u>-degree aggravated sexual assault—the offense charged in the indictment. We note finally that "[a] jury verdict rendered after a fair trial should not be disturbed except for the clearest of reasons." <u>State v. Ways</u>, 180 N.J. 171, 187 (2004). Once again, defendant in this latest challenge has failed to establish a basis to overturn his convictions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2815-19